**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GEORGE CHOLAKIS, STEVEN BILIDAS, FAYITO LLC, DINER DX INC., AMPHORA BAKERY INC., B&C BAILEYS FAMILY LLC, B&C FAMILY LLC, LACONIA LLC, MARIA CHOLAKIS<br><br>Defendant. | ) | Case No. 1:26-cv-1935 |

# COMPLAINT

The United States of America, at the request of the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, and at the direction of the Attorney General of the United States, brings this action to: (i) collect the unpaid federal income tax liabilities, penalties, and interest owed by Defendants George Cholakis and Steven Bilidas, (ii) to collect the unpaid federal trust fund recovery penalties, including statutory additions, owed by Defendants George Cholakis and Steven Bilidas, (iii) to collect the unpaid federal tax liabilities, penalties, and interest owed by Defendants Fayito LLC, Diner DX Inc., Amphora Bakery Inc., B&C Bailey's Family LLC, B&C Family LLC, and Laconia LLC, and (iv) to compel Defendants Fayito LLC, Diner DX Inc., and Amphora Bakery Inc., and their owners and/or corporate officers Defendants George Cholakis, Steven Bilidas, and Maria Cholakis to timely withhold, collect, and pay over to the IRS the companies' accruing federal tax liabilities and to enjoin them from further violating and interfering with the administration of the internal revenue laws. In support of this action, the United States alleges as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1340, and 1345, and 26 U.S.C. §§ 7401 and 7402.

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1396 because Defendants George Cholakis, Steven Bilidas, and Maria Cholakis reside within the Eastern District of Virginia, and Defendants Fayito LLC, Diner DX Inc., Amphora Bakery Inc., B&C Baileys Family LLC, B&C Family LLC, and Laconia LLC are located or conduct business within the Eastern District of Virginia. Further, a substantial portion of the events giving rise to this action occurred within this judicial district.

## PARTIES

1. Plaintiff is the United States of America.

2. Defendant George Cholakis resides at 22753 Zulla Chase Place, Ashburn, VA 20148, in Loudon County, Virginia, which is within this judicial district. Defendant George Cholakis is the co-owner of the following six businesses: Fayito LLC, Diner DX Inc., Amphora Bakery Inc., B&C Baileys Family LLC, B&C Family LLC, and Laconia LLC. Defendant George Cholakis is also co-owner of the following two defunct businesses: AMPGRP LLC and Rollin Road Restaurant Inc.

3. Defendant Steven Bilidas resides at 1151 Elden Street, Herndon, VA 20170, in Fairfax County, Virginia, which is within this judicial district. He is the cousin of Defendants George Cholakis and Maria Cholakis. Defendant Steven Bilidas is the co-owner of the following six businesses: Fayito LLC, Diner DX Inc., Amphora Bakery Inc., B&C Baileys Family LLC, B&C Family LLC, and Laconia LLC. Defendant Steven Bilidas is also the co-owner of the following two defunct businesses: AMPGRP LLC and Rollin Road Restaurant Inc.

4. Defendant Maria Cholakis resides at 12519 Oak Hunt Rd., Herndon, VA 20171 in Fairfax County, Virginia, which is within this judicial district. She is the sister of Defendant George Cholakis. Defendant Maria Cholakis is the co-owner of the following four businesses: Diner DX Inc, Fayito LLC, B&C Family LLC, and Laconia LLC.

5. Defendant Fayito LLC ("Fayito") is a catering company located at 1141 Elden St., Suite 224, Herndon, VA 20170, in Fairfax County, Virginia, which is within this judicial district.

6. Defendant Diner DX Inc. ("Diner DX") is a diner located at 1141 Elden St., Suite 224, Herndon, VA, 20170, in Fairfax County, Virginia, which is within this judicial district.

7. Defendant Amphora Bakery Inc. ("Amphora Bakery") is a bakery located at 1141 Elden St., Suite 224, Herndon, VA 20170, in Fairfax County, Virginia, which is within this judicial district.

8. Defendant B&C Baileys Family LLC ("B&C Baileys Family") is located at 1141 Elden St., Herndon, VA 20170, in Fairfax County, Virginia, which is within this judicial district.

9. Defendant B&C Family LLC ("B&C Family") is located at 1141 Elden St., Suite 224, Herndon, VA 20170, in Fairfax County, Virginia, which is within this judicial district.

10. Defendant Laconia LLC ("Laconia") is located at 1141 Elden St., Suite 224, Herndon, VA 20170, in Fairfax County, Virginia, which is within this judicial district.

## BACKGROUND

11. The United States is seeking to collect over $20 million of tax liabilities collectively owed by the defendants.

12. The individual defendants are related to each other and own and/or are the corporate officers of the various business defendants that are delinquent on their tax obligations.

13. Because several of the business defendants operate under common ownership and control, they function as an integrated enterprise rather than as independent businesses.

14. The United States is also seeking a civil injunction to stop the defendants from pyramiding their employment tax liabilities, as the IRS's administrative efforts to effect voluntary compliance have failed.

15. At all times relevant to this action, Defendants Fayito, Diner DX, and Amphora Bakery had employees to whom it paid wages. As employers, Defendants Fayito, Diner DX, and Amphora Bakery have been subject to the payroll tax obligations imposed by federal law, including the duties to:

a. Withhold their employees' federal income and Federal Insurance Contributions Act ("FICA") taxes, hold those withheld taxes in trust for the United States, and pay them over to the IRS, along with the employer's own FICA and Federal Unemployment Tax Act ("FUTA") taxes, *see* 26 U.S.C. §§ 3102, 3111, 3301, 3402, 7501;

b. Make periodic deposits of the withheld federal income and employment taxes, as well as their share of employment taxes, in an appropriate federal depository bank in accordance with applicable Treasury regulations, *see* 26 U.S.C. §§ 6157, 6302; 26 C.F.R. § 31.6302-1; and

c. File with the IRS their Employer's Quarterly Federal Tax Returns (IRS Form 941) to report the income and FICA taxes withheld from their employees' wages and their own share of FICA taxes and annual Employer's Federal Unemployment (FUTA) Tax Returns (IRS Form 940) to reports their FUTA taxes, *see* 26 U.S.C. §§ 6011, 6071(a); 26 C.F.R. § 31.6071(a)-1.

16. Since 2012, Fayito has repeatedly failed to timely pay its employment tax liabilities consistently to the IRS as mandated by law.

17. Fayito failed to file its Form 941 return for the fourth quarter of tax year 2023, all four quarters of tax year 2024, and all four quarters of tax year 2025.

18. Fayito failed to file its Form 940 return for tax years 2023, 2024, and 2025.

19. Fayito failed to file its Form 1065 return for tax years 2022, 2023, 2024, and 2025.

20. Fayito is not current with its federal tax deposits, payments, and returns.

21. As a result of its failure to pay its employment and unemployment taxes and properly file its Form 1065 return, Fayito owes the United States $2,793,512.62, as of March 23, 2026, plus such additional amounts as may continue to accrue as provided by law.

22. Since 2013, Diner DX has repeatedly failed to timely pay its employment tax liabilities consistently to the IRS as mandated by law.

23. Diner DX failed to file its Form 941 return for the fourth quarter of 2023, all four quarters of 2024, and all four quarters of 2025.

24. Diner DX failed to file its Form 940 return for tax years 2023, 2024, and 2025.

25. Diner DX failed to file its Form 1120 return for tax years 2022, 2023, and 2024.

26. Diner DX is not current with its federal tax deposits, payments, and returns.

27. As a result of its failure to pay its employment and unemployment taxes and a civil penalty, Diner DX owes the United States $4,023,582.83, as of March 23, 2026, plus such additional amounts as may continue to accrue as provided by law.

28. Since 2012, Amphora Bakery has repeatedly failed to timely pay its employment tax liabilities consistently to the IRS as mandated by law.

29. Amphora Bakery failed to file its Form 941 return for the fourth quarter of 2018, the fourth quarter of 2023, all four quarters of 2024, and all four quarters of 2025.

30. Amphora Bakery failed to file its Form 940 return for tax years 2023, 2024, and 2025.

31. Amphora Bakery failed to file its Form 1120 return for tax years 2022, 2023, and 2024.

32. Amphora Bakery is not current with its federal tax deposits, payments, and returns.

33. As a result of its failure to pay its employment and unemployment taxes, Amphora Bakery owes the United States $3,103,548.04, as of March 23, 2026, plus such additional amounts as may continue to accrue as provided by law.

34. The IRS has been attempting to bring Defendants Fayito, Diner DX, and Amphora Bakery into compliance with their tax obligations. The IRS's efforts have included:

a. Filing Notices of Federal Tax Lien against Fayito, Diner DX, and Amphora Bakery;

b. Assessing trust fund recovery penalties, under 26 U.S.C. § 6672, against Defendants George Cholakis and Steven Bilidas for multiple quarterly periods, making them personally liable for the portion of Defendants Fayito, Diner DX, and Amphora Bakery's unpaid employment taxes withheld from the wages of their employees;

c. Hand-delivering an IRS Letter 903 for Defendants Fayito, Diner DX, and Amphora Bakery on January 16, 2020 while Defendants George Cholakis and Steven Bilidas were present, which gave notice that if Defendants Fayito, Diner DX, and Amphora Bakery

continued to fail to comply with their employment tax obligations, then the IRS might pursue a suit for civil injunction.

35. Despite these collection efforts by the IRS, Defendants Fayito, Diner DX, and Amphora Bakery have not demonstrated a willingness to comply with their obligations under the Internal Revenue Code. There is no evidence that Defendants will make the necessary effort to become compliant, absent a court order compelling them to do so.

## COUNT I – COLLECT FEDERAL INCOME TAX ASSESSMENTS OF GEORGE CHOLAKIS

36. The United States incorporates by reference the allegations in the preceding paragraphs.

37. A delegate of the Secretary of the Treasury made federal income tax assessments against Defendant George Cholakis as follows:

| Type of Tax | Tax Period Ending | Date of Assessment | Amount Assessed | Amount Owed as of March 23, 2026 |
|---|---|---|---|---|
| Form 1040 | 12/31/2013 | 9/17/2018 | $43,214.00 | $29,280.53 |
| Form 1040 | 12/31/2014 | 9/17/2018 | $37,686.00 | $19,277.58 |
| Form 1040 | 12/31/2015 | 9/17/2018 | $41,147.00 | $451.96 |
| Form 1040 | 12/31/2018 | 1/9/2023 | $80,959.00 | $172,035.54 |
| Form 1040 | 12/31/2019 | 5/1/2023 | $53,048.00 | $105,108.08 |
| Form 1040 | 12/31/2020 | 5/1/2023 | $35,916.00 | $53,605.98 |
| Form 1040 | 12/31/2021 | 8/28/2023 | $32,484.00 | $20,944.61 |
| | | | **Outstanding Form 1040 Liability:** | $400,704.28 |

38. A delegate of the Secretary of the Treasury gave notice of the tax assessments set forth in Paragraph 37 to Defendant George Cholakis and made demand for payment of those assessments.

39. Penalties and interest have accrued according to law on the unpaid balance of the assessments set forth in Paragraph 37 and will continue to accrue until paid in full.

40. Despite notice and demand for payment of the assessments set forth in Paragraph 37, Defendant George Cholakis has failed, neglected, or refused to pay the outstanding assessments.

41. As a result, Defendant George Cholakis is indebted to the United States for federal income taxes in the amount of $400,704.28, as of March 23, 2026, plus statutory additions and interest that will continue to accrue after that date according to law.

WHEREFORE, the United States seeks judgment on Count I of its complaint as follows:

(A) Judgment in favor of the United States and against Defendant George Cholakis in the amount of $400,704.28, as of March 23, 2026, plus statutory additions and interest that will continue to accrue after that date until paid; and

(B) Such other and further relief as may be deemed just and proper under the circumstances.

**COUNT II – COLLECT FEDERAL INCOME TAX ASSESSMENTS OF STEVEN BILIDAS**

42. The United States incorporates by reference the allegations in the preceding paragraphs.

43. A delegate of the Secretary of the Treasury made federal income tax assessments against Defendant Steven Bilidas as follows:

| Type of Tax | Tax Period Ending | Date of Assessment | Amount Assessed | Amount Owed as of March 23, 2026 |
|---|---|---|---|---|
| Form 1040 | 12/31/2014 | 12/16/2019 | $10,734.00 | $7,621.24 |
| Form 1040 | 12/31/2015 | 12/16/2019 | $1,439.00 | $292.21 |
| Form 1040 | 12/31/2016 | 8/17/2020 | $6,649.00 | $8,456.96 |
| Form 1040 | 12/31/2017 | 6/19/2023 | $26,280.00 | $49,386.84 |
| Form 1040 | 12/31/2018 | 6/12/2023 | $34,590.00 | $72,929.52 |
| Form 1040 | 12/31/2021 | 5/22/2023 | $27,124.00 | $49,594.65 |
| | | | **Outstanding Form 1040 Liability:** | $188,281.42 |

44. A delegate of the Secretary of the Treasury gave notice of the tax assessments set forth in Paragraph 43 to Defendant Steven Bilidas and made demand for payment of those assessments.

45. Penalties and interest have accrued according to law on the unpaid balance of the assessments set forth in Paragraph 43 and will continue to accrue until paid in full.

46. Despite notice and demand for payment of the assessments set forth in Paragraph 43, Defendant Steven Bilidas has failed, neglected, or refused to pay the outstanding assessments.

47. As a result, Defendant Steven Bilidas is indebted to the United States for federal income taxes in the amount of $188,281.42, as of March 23, 2026, plus statutory additions and interest that will continue to accrue after that date according to law.

WHEREFORE, the United States seeks judgment on Count II of its complaint as follows:

(A) Judgment in favor of the United States and against Defendant Steven Bilidas in the amount of $188,281.42, as of March 23, 2026, plus statutory additions and interest that will continue to accrue after that date until paid; and

(B) Such other and further relief as may be deemed just and proper under the circumstances.

**COUNT III – COLLECT TRUST FUND RECOVERY PENALTY ASSESSMENTS MADE AGAINST GEORGE CHOLAKIS**

48. Under the Internal Revenue Code, employers are required to withhold and pay over to the United States a portion of their employees' wages for Social Security, Medicare, and federal income tax withholding. 26 U.S.C. § 3101, *et seq*.

49. Section 6672 of the Internal Revenue Code imposes a penalty upon any person required to collect, truthfully account for, and pay over the withholdings described in the preceding paragraph, but who willfully fails to do so.

50. Defendant George Cholakis was the president of Amphora Bakery. From 2012 to 2022, Defendant George Cholakis determined financial policy for Amphora Bakery and directed or authorized payment of its bills and/or creditors. From 2012 to 2022, Defendant George Cholakis prepared, reviewed, signed, authorized, or transmitted payroll tax returns for Amphora Bakery, authorized payment of its payroll, and had knowledge that withheld taxes were not being paid to the IRS. Defendant George Cholakis was also listed on a bank signature card of Amphora Bakery, signed IRS Form 941 tax returns for the company, and signed company checks.

51. Defendant George Cholakis was the president of Rollin Road Restaurant Inc ("Rollin Road Restaurant"). From 2012 to 2022, Defendant George Cholakis was responsible for operating the business and determining its financial policy, directing or authorizing payment of its bills and/or creditors, and authorizing payment of its payroll. Defendant George Cholakis signed IRS Form 941 tax returns for Rollin Road Restaurant and company checks. Defendant George Cholakis was also listed on a bank signature card of Rolling Road Restaurant. He also signed an IRS Form 2751, agreeing to the assessment and collection of trust fund recovery penalties.

52. Defendant George Cholakis was the president of Fayito. He authorized payroll for Fayito and directed company funds to pay expenses other than the trust fund taxes. Defendant George Cholakis had the authority to hire and/or fire employees and to determine financial business policy on behalf of Fayito. Defendant George Cholakis was listed on a bank signature card of Fayito.

53. Defendant George Cholakis was the president and registered agent of Diner DX. From 2012 to 2022, Defendant George Cholakis determined financial policy for Diner DX and authorized payment of Diner DX's bills and/or creditors. From 2012 to 2022, Defendant George Cholakis prepared, reviewed, signed, authorized, or transmitted payroll tax returns for Diner DX and authorized payment of its payroll. Defendant George Cholakis also signed IRS Form 941 tax returns, was listed on a bank signature card of Diner DX, and had the authority to hire and/or fire employees on behalf of Diner DX.

54. Defendant George Cholakis was the registered agent and managing member of AMPGRP LLC ("AMPGRP"). He oversaw the company's operations, including determining financial policy, hiring and/or firing employees, signing IRS Form 941 tax returns, and authorizing and issuing payroll.

55. At all relevant times between 2012 and 2022, George Cholakis was a person responsible for collecting, truthfully accounting for, and paying over to the United States the federal income, Medicare, and Social Security taxes ("employment taxes") withheld from the wages of the employees of each company listed in Paragraph 57 below.

56. Defendant George Cholakis willfully failed to collect, truthfully account for, or pay over to the United States the federal employment tax withholdings of each company listed in Paragraph 57 below, which rendered him liable under 26 U.S.C. § 6672 equal to the total amount of the taxes not collected, accounted for, or paid over.

57. Pursuant to 26 U.S.C. § 6672, a delegate of the Secretary of the Treasury assessed the following trust fund recovery penalties against Defendant George Cholakis for amounts withheld from the wages of employees of each company listed below, but not turned over to the United States, as set forth in the table below:

| Type of Tax | Tax Period Ending | Date of Assessment | Company to Which Assessment Relates | Amount of Assessment | Amount Owed as of March 23, 2026 |
|---|---|---|---|---|---|
| Section 6672 | 6/30/2012 | 3/9/2021 | AMPGRP | $6,846.70 | $32,951.32 |
| | 6/30/2012 | 3/5/2021 | Amphora Bakery | $17,370.66 | |
| Section 6672 | 9/30/2012 | 3/9/2021 | AMPGRP | $6,846.70 | $86,250.98 |
| | 9/30/2012 | 6/21/2023 | Fayito | $16,476.25 | |
| | 9/30/2012 | 3/20/2023 | Rollin Road Restaurant | $26,628.00 | |
| | 9/30/2012 | 3/5/2021 | Amphora Bakery | $17,214.26 | |
| Section 6672 | 6/30/2013 | 3/9/2021 | AMPGRP | $12,108.41 | $174,415.38 |
| | 6/30/2013 | 8/12/2019 | Fayito | $25,776.72 | |
| | 6/30/2013 | 6/14/2019 | Rollin Road Restaurant | $30,142.84 | |
| | 6/30/2013 | 3/5/2021 | Amphora Bakery | $23,544.88 | |
| | 6/30/2013 | 4/19/2021 | Diner DX | $32,723.78 | |
| Section 6672 | 9/30/2013 | 3/9/2021 | AMPGRP | $12,108.41 | $189,186.86 |
| | 9/30/2013 | 8/12/2019 | Fayito | $24,355.06 | |
| | 9/30/2013 | 6/14/2019 | Rollin Road Restaurant | $30,142.84 | |
| | 9/30/2013 | 3/5/2021 | Amphora Bakery | $28,618.83 | |
| | 9/30/2013 | 4/19/2021 | Diner DX | $40,048.45 | |
| Section 6672 | 12/31/2013 | 3/9/2021 | AMPGRP | $12,108.41 | $182,681.44 |
| | 12/31/2013 | 6/21/2023 | Fayito | $25,418.03 | |
| | 12/31/2013 | 6/14/2019 | Rollin Road Restaurant | $30,142.84 | |
| | 12/31/2013 | 3/5/2021 | Amphora Bakery | $26,048.18 | |
| | 12/31/2013 | 4/19/2021 | Diner DX | $40,808.47 | |
| Section 6672 | 3/31/2014 | 3/9/2021 | AMPGRP | $12,421.52 | $198,089.41 |
| | 3/31/2014 | 8/12/2019 | Fayito | $24,586.35 | |
| | 3/31/2014 | 6/14/2019 | Rollin Road Restaurant | $31,367.94 | |
| | 3/31/2014 | 3/5/2021 | Amphora Bakery | $31,506.83 | |
| | 3/31/2014 | 3/20/2023 | Diner DX | $45,373.85 | |
| Section 6672 | 6/30/2014 | 3/9/2021 | AMPGRP | $12,421.52 | $189,919.77 |
| | 6/30/2014 | 8/12/2019 | Fayito | $23,818.88 | |
| | 6/30/2014 | 6/14/2019 | Rollin Road Restaurant | $31,367.94 | |
| | 6/30/2014 | 3/5/2021 | Amphora Bakery | $27,896.55 | |
| | 6/30/2014 | 4/19/2021 | Diner DX | $40,251.05 | |
| Section 6672 | 9/30/2014 | 6/6/2018 | Fayito | $27,467.28 | $268.07 |
| | 9/30/2014 | 6/14/2019 | Rollin Road Restaurant | $31,367.94 | |
| | 9/30/2014 | 6/22/2018 | Diner DX | $44,637.36 | |
| Section 6672 | 12/31/2014 | 3/9/2021 | AMPGRP | $12,421.52 | $194,452.57 |
| | 12/31/2014 | 6/21/2023 | Fayito | $28,845.53 | |
| | 12/31/2014 | 6/14/2019 | Rollin Road Restaurant | $31,367.94 | |
| | 12/31/2014 | 3/5/2021 | Amphora Bakery | $30,887.82 | |
| | 12/31/2014 | 4/19/2021 | Diner DX | $39,968.92 | |
| | 3/31/2015 | 3/9/2021 | AMPGRP | $12,971.55 | |

| | | | | | |
|---|---|---|---|---|---|
| Section 6672 | 3/31/2015 | 6/21/2023 | Fayito | $31,628.12 | $145,981.54 |
| | 3/31/2015 | 6/14/2019 | Rollin Road Restaurant | $30,237.90 | |
| | 3/31/2015 | 3/5/2021 | Amphora Bakery | $33,244.08 | |
| Section 6672 | 6/30/2015 | 3/9/2021 | AMPGRP | $12,971.55 | $189,599.70 |
| | 6/30/2015 | 6/21/2023 | Fayito | $23,898.44 | |
| | 6/30/2015 | 6/14/2019 | Rollin Road Restaurant | $30,237.90 | |
| | 6/30/2015 | 3/5/2021 | Amphora Bakery | $31,608.17 | |
| | 6/30/2015 | 4/19/2021 | Diner DX | $40,814.94 | |
| Section 6672 | 12/31/2015 | 3/9/2021 | AMPGRP | $12,971.55 | $192,489.12 |
| | 12/31/2015 | 6/21/2023 | Fayito | $28,876.60 | |
| | 12/31/2015 | 6/14/2019 | Rollin Road Restaurant | $30,237.90 | |
| | 12/31/2015 | 3/5/2021 | Amphora Bakery | $32,134.95 | |
| | 12/31/2015 | 4/19/2021 | Diner DX | $37,909.05 | |
| Section 6672 | 3/31/2016 | 3/9/2021 | AMPGRP | $13,260.53 | $107,911.82 |
| | 3/31/2016 | 6/6/2018 | Fayito | $28,200.64 | |
| | 3/31/2016 | 6/14/2019 | Rollin Road Restaurant | $33,194.43 | |
| | 3/31/2016 | 3/5/2021 | Amphora Bakery | $34,943.10 | |
| | 3/31/2016 | 6/22/2018 | Diner DX | $42,328.28 | |
| Section 6672 | 6/30/2016 | 3/9/2021 | AMPGRP | $9,583.47 | $196,306.03 |
| | 6/30/2016 | 6/6/2018 | Fayito | $26,250.72 | |
| | 6/30/2016 | 6/14/2019 | Rollin Road Restaurant | $26,805.88 | |
| | 6/30/2016 | 3/5/2021 | Amphora Bakery | $32,524.28 | |
| | 6/30/2016 | 6/22/2018 | Diner DX | $38,301.20 | |
| Section 6672 | 9/30/2016 | 3/9/2021 | AMPGRP | $15,560.72 | $205,917.18 |
| | 9/30/2016 | 6/21/2023 | Fayito | $28,571.27 | |
| | 9/30/2016 | 6/14/2019 | Rollin Road Restaurant | $32,182.20 | |
| | 9/30/2016 | 3/5/2021 | Amphora Bakery | $32,896.26 | |
| | 9/30/2016 | 4/19/2021 | Diner DX | $42,628.67 | |
| Section 6672 | 12/31/2016 | 3/9/2021 | AMPGRP | $15,560.72 | $230,306.83 |
| | 12/31/2016 | 6/21/2023 | Fayito | $39,098.37 | |
| | 12/31/2016 | 6/14/2019 | Rollin Road Restaurant | $34,562.28 | |
| | 12/31/2016 | 3/5/2021 | Amphora Bakery | $39,030.82 | |
| | 12/31/2016 | 8/14/2023 | Diner DX | $47,257.80 | |
| Section 6672 | 3/31/2017 | 6/6/2018 | Fayito | $22,132.23 | $171,266.68 |
| | 3/31/2017 | 6/14/2019 | Rollin Road Restaurant | $27,866.25 | |
| | 3/31/2017 | 3/5/2021 | Amphora Bakery | $26,421.29 | |
| | 3/31/2017 | 6/22/2018 | Diner DX | $39,028.82 | |
| Section 6672 | 6/30/2017 | 6/21/2023 | Fayito | $31,612.18 | $198,837.76 |
| | 6/30/2017 | 6/14/2019 | Rollin Road Restaurant | $35,175.28 | |
| | 6/30/2017 | 3/5/2021 | Amphora Bakery | $35,133.50 | |
| | 6/30/2017 | 4/19/2021 | Diner DX | $44,788.89 | |
| Section 6672 | 9/30/2017 | 3/9/2021 | AMPGRP | $12,138.57 | $189,306.63 |
| | 9/30/2017 | 6/6/2018 | Fayito | $25,249.01 | |

| | | | | | |
|---|---|---|---|---|---|
| | 9/30/2017 | 6/14/2019 | Rollin Road Restaurant | $29,244.17 | |
| | 9/30/2017 | 3/5/2021 | Amphora Bakery | $24,926.00 | |
| | 9/30/2017 | 6/22/2018 | Diner DX | $36,905.84 | |
| Section 6672 | 12/31/2017 | 4/14/2021 | AMPGRP | $15,773.46 | $239,230.11 |
| | 12/31/2017 | 8/12/2019 | Fayito | $40,161.48 | |
| | 12/31/2017 | 6/14/2019 | Rollin Road Restaurant | $29,272.03 | |
| | 12/31/2017 | 3/5/2021 | Amphora Bakery | $37,738.48 | |
| | 12/31/2017 | 6/22/2018 | Diner DX | $42,104.67 | |
| Section 6672 | 3/31/2018 | 3/9/2021 | AMPGRP | $12,480.41 | $170,547.43 |
| | 3/31/2018 | 6/21/2023 | Fayito | $26,668.42 | |
| | 3/31/2018 | 6/14/2019 | Rollin Road Restaurant | $24,884.26 | |
| | 3/31/2018 | 3/5/2021 | Amphora Bakery | $26,126.87 | |
| | 3/31/2018 | 4/19/2021 | Diner DX | $36,028.48 | |
| Section 6672 | 6/30/2018 | 3/9/2021 | AMPGRP | $14,765.77 | $189,806.08 |
| | 6/30/2018 | 6/21/2023 | Fayito | $26,293.37 | |
| | 6/30/2018 | 3/20/2023 | Rollin Road Restaurant | $28,312.57 | |
| | 6/30/2018 | 3/5/2021 | Amphora Bakery | $33,199.30 | |
| | 6/30/2018 | 4/19/2021 | Diner DX | $41,948.20 | |
| Section 6672 | 9/30/2018 | 3/9/2021 | AMPGRP | $10,980.89 | $151,163.89 |
| | 9/30/2018 | 8/12/2019 | Fayito | $23,625.00 | |
| | 9/30/2018 | 6/14/2019 | Rollin Road Restaurant | $22,629.54 | |
| | 9/30/2018 | 3/5/2021 | Amphora Bakery | $20,439.03 | |
| | 9/30/2018 | 4/19/2021 | Diner DX | $30,238.35 | |
| Section 6672 | 12/31/2018 | 3/9/2021 | AMPGRP | $10,243.29 | $55,243.62 |
| | 12/31/2018 | 3/20/2023 | Rollin Road Restaurant | $33,049.84 | |
| Section 6672 | 3/31/2019 | 6/21/2023 | Fayito | $27,863.35 | $153,065.32 |
| | 3/31/2019 | 3/20/2023 | Rollin Road Restaurant | $27,375.18 | |
| | 3/31/2019 | 3/5/2021 | Amphora Bakery | $21,613.42 | |
| | 3/31/2019 | 4/19/2021 | Diner DX | $40,735.07 | |
| Section 6672 | 6/30/2019 | 6/21/2023 | Fayito | $30,060.97 | $178,751.66 |
| | 6/30/2019 | 3/20/2023 | Rollin Road Restaurant | $29,292.36 | |
| | 6/30/2019 | 3/5/2021 | Amphora Bakery | $29,195.18 | |
| | 6/30/2019 | 4/19/2021 | Diner DX | $48,313.66 | |
| Section 6672 | 9/30/2019 | 6/21/2023 | Fayito | $21,158.65 | $142,361.27 |
| | 9/30/2019 | 3/20/2023 | Rollin Road Restaurant | $25,595.59 | |
| | 9/30/2019 | 3/5/2021 | Amphora Bakery | $23,052.05 | |
| | 9/30/2019 | 4/19/2021 | Diner DX | $39,108.51 | |
| Section 6672 | 12/31/2019 | 3/9/2021 | AMPGRP | $9,039.33 | $192,347.52 |
| | 12/31/2019 | 6/21/2023 | Fayito | $31,128.75 | |
| | 12/31/2019 | 3/20/2023 | Rollin Road Restaurant | $28,590.73 | |
| | 12/31/2019 | 3/5/2021 | Amphora Bakery | $29,615.07 | |
| | 12/31/2019 | 4/19/2021 | Diner DX | $48,530.51 | |
| | 3/31/2020 | 3/9/2021 | AMPGRP | $1,542.80 | |

| | | | | | |
|---|---|---|---|---|---|
| Section 6672 | 3/31/2020 | 6/21/2023 | Fayito | $22,173.73 | $100,472.38 |
| | 3/31/2020 | 3/20/2023 | Rollin Road Restaurant | $12,168.76 | |
| | 3/31/2020 | 3/5/2021 | Amphora Bakery | $10,480.61 | |
| | 3/31/2020 | 4/19/2021 | Diner DX | $30,740.70 | |
| Section 6672 | 6/30/2020 | 1/5/2024 | Rollin Road Restaurant | $4,191.74 | $13,788.55 |
| | 6/30/2020 | 1/5/2024 | Diner DX | $7,486.24 | |
| Section 6672 | 9/30/2020 | 5/23/2023 | Diner DX | $10,556.37 | $13,033.57 |
| Section 6672 | 12/31/2020 | 1/17/2024 | Rollin Road Restaurant | $12,765.90 | $80,994.79 |
| | 12/31/2020 | 5/23/2023 | Diner DX | $30,743.66 | |
| | 12/31/2020 | 6/20/2023 | Amphora Bakery | $22,802.28 | |
| Section 6672 | 9/30/2021 | 5/23/2023 | Diner DX | $35,985.85 | $72,588.78 |
| | 9/30/2021 | 6/20/2023 | Amphora Bakery | $22,929.17 | |
| Section 6672 | 12/31/2021 | 5/23/2023 | Diner DX | $38,639.87 | $77,061.64 |
| | 12/31/2021 | 6/20/2023 | Amphora Bakery | $23,903.11 | |
| Section 6672 | 3/31/2022 | 6/21/2023 | Fayito | $21,966.44 | $80,136.85 |
| | 3/31/2022 | 7/17/2023 | Amphora Bakery | $14,059.30 | |
| | 3/31/2022 | 3/20/2023 | Diner DX | $28,774.10 | |
| Section 6672 | 6/30/2022 | 6/21/2023 | Fayito | $20,646.55 | $93,015.32 |
| | 6/30/2022 | 7/17/2023 | Amphora Bakery | $19,847.26 | |
| | 6/30/2022 | 8/14/2023 | Diner DX | $35,710.29 | |
| Section 6672 | 9/30/2022 | 6/21/2023 | Fayito | $15,792.67 | $79,626.91 |
| | 9/30/2022 | 7/17/2023 | Amphora Bakery | $16,595.87 | |
| | 9/30/2022 | 3/20/2023 | Diner DX | $31,971.06 | |
| **Outstanding Section 6672 Balance:** | | | | | $5,159,374.78 |

58. A delegate of the Secretary of the Treasury gave notice of the penalty assessments set forth in Paragraph 57 to Defendant George Cholakis and made demand upon him for the payment of those assessments.

59. Interest has accrued according to law on the unpaid balance of the assessments set forth in Paragraph 57 and will continue to accrue until paid in full.

60. Despite notice and demand for payment of the assessments set forth in Paragraph 57, Defendant George Cholakis has failed, neglected, or refused to pay the outstanding assessments.

61. As a result, Defendant George Cholakis is indebted to the United States for trust fund recovery penalties and statutory additions and interest to the penalties in the total amount of $5,159,374.78, as of March 23, 2026, plus statutory additions and interest that will continue to accrue after that date according to law.

WHEREFORE, the United States seeks judgment on Count III of its complaint as follows:

(A) Judgment in favor of the United States and against Defendant George Cholakis in the amount of $5,159,374.78, as of March 23, 2026, plus statutory additions and interest that will continue to accrue after that date until paid; and

(B) Such other and further relief as may be deemed just and proper under the circumstances.

**COUNT IV – COLLECT TRUST FUND RECOVERY PENALTY ASSESSMENTS MADE AGAINST STEVEN BILIDAS**

62. The United States incorporates by reference the allegations in the preceding paragraphs.

63. Under the Internal Revenue Code, employers are required to withhold and pay over to the United States a portion of their employees' wages for Social Security, Medicare, and federal income tax withholding. 26 U.S.C. § 3101, *et seq.*

64. Section 6672 of the Internal Revenue Code imposes a penalty upon any person required to collect, truthfully account for, and pay over the withholdings described in the preceding paragraph, but who willfully fails to do so.

65. Defendant Steven Bilidas served as the secretary, treasurer, and vice president of Amphora Bakery and was listed on its bank signature card.

66. Defendant Steven Bilidas was the vice president of Rollin Road Restaurant and was listed on its bank signature card. He signed checks on behalf of Rollin Road Restaurant and made withdrawals from the company's bank account.

67. Defendant Steven Bilidas was the vice president of Fayito. From 2008 to at least 2017, he directed or authorized payment of Fayito's bills and/or creditors and authorized Fayito's payroll. He directed company funds to pay expenses other than the trust fund taxes. Defendant Steven Bilidas was authorized to hire and/or fire employees and to determine financial business policy on behalf of Fayito.

68. Defendant Steven Bilidas was vice-president of Diner DX. He oversaw the corporate operations of Diner DX, including the allocation of business funds, hiring and/or firing employees, authorizing and issuing payroll, and authorizing the payment of bills and/or creditors. He also determined financial policy for the business. Defendant Steven Bilidas was listed on a bank signature card of Diner DX. Defendant Bilidas also signed company checks and an IRS Form 2751 agreeing to the assessment and collection of the trust fund recovery penalties.

69. Defendant Steven Bilidas oversaw the operations of AMPGRP, including allocating business funds, paying business expenses, hiring and/or firing employees, and authorizing or issuing payroll.

70. At all relevant times between 2012 and 2022, Defendant Steven Bilidas was a person responsible for collecting, truthfully accounting for, and paying over to the United States the employment taxes withheld from the wages of the employees of each company listed in Paragraph 72 below.

71. Defendant Steven Bilidas willfully failed to collect, truthfully account for, or pay over to the United States the federal employment tax withholdings of each company listed in

Paragraph 72 below, which rendered him liable under 26 U.S.C. § 6672 equal to the total amount of the taxes not collected, accounted for, or paid over.

72. Pursuant to 26 U.S.C. § 6672, a delegate of the Secretary of the Treasury assessed the following trust fund recovery penalties against Defendant Steven Bilidas for amounts withheld from the wages of employees of each company listed below, but not turned over to the United States, as set forth in the table below:

| Type of Tax | Tax Period Ending | Date of Assessment | Company to Which Assessment Relates | Amount of Assessment | Amount Owed as of March 23, 2026 |
|---|---|---|---|---|---|
| Section 6672 | 6/30/2012 | 3/10/2021 | AMPGRP | $6,846.70 | $32,940.83 |
| | 6/30/2012 | 3/10/2021 | Amphora Bakery | $17,370.66 | |
| Section 6672 | 9/30/2012 | 3/10/2021 | AMPGRP | $6,846.70 | $86,240.60 |
| | 9/30/2012 | 6/21/2023 | Fayito | $16,476.25 | |
| | 9/30/2012 | 3/20/2023 | Rollin Road Restaurant | $26,628.00 | |
| | 9/30/2012 | 3/10/2021 | Amphora Bakery | $17,214.26 | |
| Section 6672 | 6/30/2013 | 3/10/2021 | AMPGRP | $12,108.41 | $174,324.38 |
| | 6/30/2013 | 8/12/2019 | Fayito | $25,776.72 | |
| | 6/30/2013 | 6/14/2019 | Rollin Road Restaurant | $30,142.84 | |
| | 6/30/2013 | 3/10/2021 | Amphora Bakery | $23,544.88 | |
| | 6/30/2013 | 5/10/2021 | Diner DX | $32,723.78 | |
| Section 6672 | 9/30/2013 | 3/10/2021 | AMPGRP | $12,108.41 | 189,075.87 |
| | 9/30/2013 | 8/12/2019 | Fayito | $24,355.06 | |
| | 9/30/2013 | 6/14/2019 | Rollin Road Restaurant | $30,142.84 | |
| | 9/30/2013 | 3/10/2021 | Amphora Bakery | $28,618.83 | |
| | 9/30/2013 | 5/10/2021 | Diner DX | $40,048.45 | |
| Section 6672 | 12/31/2013 | 3/10/2021 | AMPGRP | $12,108.41 | $151,257.40 |
| | 12/31/2013 | 6/14/2019 | Rollin Road Restaurant | $30,142.84 | |
| | 12/31/2013 | 3/10/2021 | Amphora Bakery | $26,048.18 | |
| | 12/31/2013 | 5/10/2021 | Diner DX | $40,808.47 | |
| Section 6672 | 3/31/2014 | 3/10/2021 | AMPGRP | $12,421.52 | $198,070.37 |
| | 3/31/2014 | 8/12/2019 | Fayito | $24,586.35 | |
| | 3/31/2014 | 6/14/2019 | Rollin Road Restaurant | $31,367.94 | |
| | 3/31/2014 | 3/10/2021 | Amphora Bakery | $31,506.83 | |
| | 3/31/2014 | 3/20/2023 | Diner DX | $45,373.85 | |
| Section 6672 | 6/30/2014 | 3/10/2021 | AMPGRP | $12,421.52 | $189,808.63 |
| | 6/30/2014 | 8/12/2019 | Fayito | $23,818.88 | |
| | 6/30/2014 | 6/14/2019 | Rollin Road Restaurant | $31,367.94 | |

| | | | | | |
|---|---|---|---|---|---|
| | 6/30/2014 | 3/10/2021 | Amphora Bakery | $27,896.55 | |
| | 6/30/2014 | 5/10/2021 | Diner DX | $40,251.05 | |
| Section 6672 | 12/31/2014 | 3/10/2021 | AMPGRP | $12,421.52 | $158,923.39 |
| | 12/31/2014 | 6/14/2019 | Rollin Road Restaurant | $31,367.94 | |
| | 12/31/2014 | 3/10/2021 | Amphora Bakery | $30,887.82 | |
| | 12/31/2014 | 5/10/2021 | Diner DX | $39,968.92 | |
| Section 6672 | 3/31/2015 | 3/10/2021 | AMPGRP | $12,971.55 | $107,127.91 |
| | 3/31/2015 | 6/14/2019 | Rollin Road Restaurant | $30,237.90 | |
| | 3/31/2015 | 3/10/2021 | Amphora Bakery | $33,244.08 | |
| Section 6672 | 6/30/2015 | 3/10/2021 | AMPGRP | $12,971.55 | $189,485.16 |
| | 6/30/2015 | 6/21/2023 | Fayito | $23,898.44 | |
| | 6/30/2015 | 6/14/2019 | Rollin Road Restaurant | $30,237.90 | |
| | 6/30/2015 | 3/10/2021 | Amphora Bakery | $31,608.17 | |
| | 6/30/2015 | 5/10/2021 | Diner DX | $40,814.94 | |
| Section 6672 | 12/31/2015 | 3/10/2021 | AMPGRP | $12,971.55 | $192,381.08 |
| | 12/31/2015 | 6/21/2023 | Fayito | $28,876.60 | |
| | 12/31/2015 | 6/14/2019 | Rollin Road Restaurant | $30,237.90 | |
| | 12/31/2015 | 3/10/2021 | Amphora Bakery | $32,134.95 | |
| | 12/31/2015 | 5/10/2021 | Diner DX | $37,909.05 | |
| Section 6672 | 3/31/2016 | 3/10/2021 | AMPGRP | $13,260.53 | $107,881.52 |
| | 3/31/2016 | 6/06/2018 | Fayito | $28,200.64 | |
| | 3/31/2016 | 6/14/2019 | Rollin Road Restaurant | $33,194.43 | |
| | 3/31/2016 | 3/10/2021 | Amphora Bakery | $34,943.10 | |
| | 3/31/2016 | 6/22/2018 | Diner DX | $42,328.28 | |
| Section 6672 | 6/30/2016 | 3/10/2021 | AMPGRP | $9,583.47 | $196,286.76 |
| | 6/30/2016 | 6/06/2018 | Fayito LL | $26,250.72 | |
| | 6/30/2016 | 6/14/2019 | Rollin Road Restaurant | $26,805.88 | |
| | 6/30/2016 | 3/10/2021 | Amphora Bakery | $32,524.28 | |
| | 6/30/2016 | 6/22/2018 | Diner DX | $38,301.20 | |
| Section 6672 | 9/30/2016 | 3/10/2021 | AMPGRP | $15,560.72 | $205,797.40 |
| | 9/30/2016 | 6/21/2023 | Fayito | $28,571.27 | |
| | 9/30/2016 | 6/14/2019 | Rollin Road Restaurant | $32,182.20 | |
| | 9/30/2016 | 3/10/2021 | Amphora Bakery | $32,896.26 | |
| | 9/30/2016 | 5/10/2021 | Diner DX | $42,628.67 | |
| Section 6672 | 12/31/2016 | 3/10/2021 | AMPGRP | $15,560.72 | $230,283.27 |
| | 12/31/2016 | 6/21/2023 | Fayito | $39,098.37 | |
| | 12/31/2016 | 6/14/2019 | Rollin Road Restaurant | $34,562.28 | |
| | 12/31/2016 | 3/10/2021 | Amphora Bakery | $39,030.82 | |
| | 12/31/2016 | 8/14/2023 | Diner DX | $47,257.80 | |
| Section 6672 | 3/31/2017 | 6/06/2018 | Fayito | $22,132.23 | $171,251.90 |
| | 3/31/2017 | 6/14/2019 | Rollin Road Restaurant | $27,866.25 | |
| | 3/31/2017 | 3/10/2021 | Amphora Bakery | $26,421.29 | |
| | 3/31/2017 | 6/22/2018 | Diner DX | $39,028.82 | |

| | | | | | |
|---|---|---|---|---|---|
| Section 6672 | 6/30/2017 | 6/21/2023 | Fayito | $31,612.18 | $198,713.40 |
| | 6/30/2017 | 6/14/2019 | Rollin Road Restaurant | $35,175.28 | |
| | 6/30/2017 | 3/10/2021 | Amphora Bakery | $35,133.50 | |
| | 6/30/2017 | 5/10/2021 | Diner DX | $44,788.89 | |
| Section 6672 | 9/30/2017 | 3/10/2021 | AMPGRP | $12,138.57 | $189,291.36 |
| | 9/30/2017 | 6/06/2018 | Fayito | $25,249.01 | |
| | 9/30/2017 | 6/14/2019 | Rollin Road Restaurant | $29,244.17 | |
| | 9/30/2017 | 3/10/2021 | Amphora Bakery | $24,926.00 | |
| | 9/30/2017 | 6/22/2018 | Diner DX | $36,905.84 | |
| Section 6672 | 12/31/2017 | 3/10/2021 | AMPGRP | $15,773.46 | $239,105.47 |
| | 12/31/2017 | 8/12/2019 | Fayito | $40,161.48 | |
| | 12/31/2017 | 6/14/2019 | Rollin Road Restaurant | $29,272.03 | |
| | 12/31/2017 | 3/10/2021 | Amphora Bakery | $37,738.48 | |
| | 12/31/2017 | 6/22/2018 | Diner DX | $42,104.67 | |
| Section 6672 | 3/31/2018 | 3/10/2021 | AMPGRP | $12,480.41 | $170,447.20 |
| | 3/31/2018 | 6/21/2023 | Fayito | $26,668.42 | |
| | 3/31/2018 | 6/14/19 | Rollin Road Restaurant | $24,884.26 | |
| | 3/31/2018 | 3/10/2021 | Amphora Bakery | $26,126.87 | |
| | 3/31/2018 | 5/10/2021 | Diner DX | $36,028.48 | |
| Section 6672 | 6/30/2018 | 3/10/2021 | AMPGRP | $14,765.77 | $189,687.79 |
| | 6/30/2018 | 6/21/2023 | Fayito | $26,293.37 | |
| | 6/30/2018 | 3/20/2023 | Rollin Road Restaurant | $28,312.57 | |
| | 6/30/2018 | 3/10/2021 | Amphora Bakery | $33,199.30 | |
| | 6/30/2018 | 5/10/2021 | Diner DX | $41,948.20 | |
| Section 6672 | 9/30/2018 | 3/10/2021 | AMPGRP | $10,980.89 | $151,080.54 |
| | 9/30/2018 | 8/12/2019 | Fayito | $23,625.00 | |
| | 9/30/2018 | 6/14/2019 | Rollin Road Restaurant | $22,629.54 | |
| | 9/30/2018 | 3/10/2021 | Amphora Bakery | $20,439.03 | |
| | 9/30/2018 | 5/10/2021 | Diner DX | $30,238.35 | |
| Section 6672 | 12/31/2018 | 3/10/2021 | AMPGRP | $10,243.29 | $55,242.47 |
| | 12/31/2018 | 3/20/2023 | Rollin Road Restaurant | $33,049.84 | |
| Section 6672 | 3/31/2019 | 6/21/2023 | Fayito | $27,863.35 | $152,958.01 |
| | 3/31/2019 | 3/20/2023 | Rollin Road Restaurant | $27,375.18 | |
| | 3/31/2019 | 3/10/2021 | Amphora Bakery | $21,613.42 | |
| | 3/31/2019 | 5/10/2021 | Diner DX | $40,735.07 | |
| Section 6672 | 6/30/2019 | 6/21/2023 | Fayito | $30,060.97 | $178,622.36 |
| | 6/30/2019 | 3/20/2023 | Rollin Road Restaurant | $29,292.36 | |
| | 6/30/2019 | 3/10/2021 | Amphora Bakery | $29,195.18 | |
| | 6/30/2019 | 5/10/2021 | Diner DX | $48,313.66 | |
| Section 6672 | 9/30/2019 | 6/21/2023 | Fayito | $21,158.65 | $142,256.94 |
| | 9/30/2019 | 3/20/2023 | Rollin Road Restaurant | $25,595.59 | |
| | 9/30/2019 | 3/10/2021 | Amphora Bakery | $23,052.05 | |

| | | | | | |
|---|---|---|---|---|---|
| | 9/30/2019 | 5/10/2021 | Diner DX | $39,108.51 | |
| Section 6672 | 12/31/2019 | 3/10/2021 | AMPGRP | $9,039.33 | $192,216.52 |
| | 12/31/2019 | 6/21/2023 | Fayito | $31,128.75 | |
| | 12/31/2019 | 3/20/2023 | Rollin Road Restaurant | $28,590.73 | |
| | 12/31/2019 | 3/10/2021 | Amphora Bakery | $29,615.07 | |
| | 12/31/2019 | 5/10/2021 | Diner DX | $48,530.51 | |
| Section 6672 | 3/31/2020 | 3/10/2021 | AMPGRP | $1,542.80 | $100,394.49 |
| | 3/31/2020 | 6/21/2023 | Fayito | $22,173.73 | |
| | 3/31/2020 | 3/20/2023 | Rollin Road Restaurant | $12,168.76 | |
| | 3/31/2020 | 3/10/2021 | Amphora Bakery | $10,480.61 | |
| | 3/31/2020 | 5/10/2021 | Diner DX | $30,740.70 | |
| Section 6672 | 6/30/2020 | 1/05/2024 | Rollin Road Restaurant | $4,191.74 | $13,767.65 |
| | 6/30/2020 | 1/05/2024 | Diner DX | $7,486.24 | |
| Section 6672 | 9/30/2020 | 5/23/2023 | Diner DX | $10,556.37 | $13,033.57 |
| Section 6672 | 12/31/2020 | 1/17/2024 | Rollin Road Restaurant | $12,765.90 | $52,968.97 |
| | 12/31/2020 | 5/23/2023 | Diner DX | $30,743.66 | |
| Section 6672 | 9/30/2021 | 5/23/2023 | Diner DX | $35,985.85 | $44,430.50 |
| Section 6672 | 12/31/2021 | 5/23/2023 | Diner DX | $38,639.87 | $47,707.34 |
| Section 6672 | 3/31/2022 | 6/21/2023 | Fayito | $21,966.44 | $62,967.09 |
| | 3/31/2022 | 3/20/2023 | Diner DX | $28,774.10 | |
| Section 6672 | 6/30/2022 | 8/14/2023 | Diner DX | $35,710.29 | $43,394.08 |
| Section 6672 | 9/30/2022 | 3/20/2023 | Diner DX | $31,971.06 | $39,961.01 |
| **Outstanding Section 6672 Balance:** | | | | | $4,859,383.23 |

73. A delegate of the Secretary of the Treasury gave notice of the penalty assessments set forth in Paragraph 72 to Defendant Steven Bilidas and made demand upon him for the payment of those assessments.

74. Interest has accrued according to law on the unpaid balance of the assessments set forth in Paragraph 72 and will continue to accrue until paid in full.

75. Despite notice and demand for payment of the assessments set forth in Paragraph 72, Defendant Steven Bilidas has failed, neglected, or refused to pay the outstanding assessments.

76. As a result, Defendant Steven Bilidas is indebted to the United States for trust fund recovery penalties and statutory additions and interest to the penalties in the total amount of $4,859,383.23, as of March 23, 2026, plus statutory additions and interest that will continue to accrue after that date according to law.

WHEREFORE, the United States seeks judgment on Count IV of its complaint as follows:

(A) Judgment in favor of the United States and against Defendant Steven Bilidas in the amount of $4,859,383.23, as of March 23, 2026, plus statutory additions and interest that will continue to accrue after that date until paid; and

(B) Such other and further relief as may be deemed just and proper under the circumstances.

**COUNT V – REDUCE FEDERAL TAX ASSESSMENTS OF FAYITO LLC TO JUDGMENT**

77. The United States incorporates by reference the allegations in the preceding paragraphs.

78. For the tax types and periods set forth in the table below, and on the dates set forth below, a delegate of the Secretary of the Treasury made the following assessments against Fayito:

| Tax Type | Tax Period | Assessment Date | Assessment Amount | Outstanding Balance as of March 23, 2026 |
|---|---|---|---|---|
| Form 941 | 9/30/2012 | 4/6/2020 | $26,262.06 | $73,053.33 |
| Form 941 | 6/30/2013 | 3/26/2018 | $38,675.49 | $110,993.27 |

| | | | | |
|---|---|---|---|---|
| Form 941 | 9/30/2013 | 3/19/2018 | $37,551.40 | $98,354.68 |
| Form 941 | 12/31/2013 | 4/6/2020 | $38,764.06 | $104,550.47 |
| Form 941 | 3/31/2014 | 3/19/2018 | $37,589.32 | $97,145.35 |
| Form 941 | 6/30/2014 | 3/19/2018 | $36,014.34 | $100,945.44 |
| Form 941 | 12/31/2014 | 4/6/2020 | $43,240.23 | $113,797.17 |
| Form 941 | 3/31/2015 | 4/6/2020 | $48,001.00 | $125,575.50 |
| Form 941 | 6/30/2015 | 4/6/2020 | $36,536.89 | $94,997.87 |
| Form 941 | 12/31/2015 | 4/6/2020 | $43,106.49 | $110,711.83 |
| Form 941 | 3/31/2016 | 7/4/2016 | $42,079.78 | $56,956.60 |
| Form 941 | 6/30/2016 | 10/3/2016 | $39,099.22 | $90,092.73 |
| Form 941 | 9/30/2016 | 4/6/2020 | $43,053.30 | $108,024.52 |
| Form 941 | 12/31/2016 | 4/6/2020 | $58,257.54 | $144,945.54 |
| Form 941 | 3/31/2017 | 5/22/2017 | $33,058.32 | $65,904.34 |
| Form 941 | 6/30/2017 | 4/6/2020 | $46,164.79 | $112,967.34 |
| Form 941 | 9/30/2017 | 11/27/2017 | $36,804.19 | $71,590.18 |
| Form 941 | 12/31/2017 | 3/26/2018 | $57,978.51 | $104,843.18 |
| Form 941 | 3/31/2018 | 4/6/2020 | $38,948.92 | $92,899.38 |
| Form 941 | 6/30/2018 | 11/14/2022 | $38,974.18 | $71,079.71 |
| Form 941 | 9/30/2018 | 11/26/2018 | $35,861.11 | $66,821.41 |
| Form 941 | 3/31/2019 | 4/6/2020 | $41,369.22 | $75,855.45 |
| Form 941 | 6/30/2019 | 4/6/2020 | $45,103.85 | $101,666.66 |
| Form 941 | 9/30/2019 | 4/6/2020 | $31,769.41 | $66,746.24 |
| Form 941 | 12/31/2019 | 2/24/2020 | $45,950.87 | $80,431.47 |
| Form 941 | 3/31/2020 | 6/22/2020 | $34,547.05 | $43,304.42 |
| Form 941 | 6/30/2020 | 10/5/2020 | $8,021.08 | $5,055.67 |
| Form 941 | 9/30/2020 | 9/27/2021 | $17,968.25 | $17,468.52 |
| Form 941 | 12/31/2020 | 4/4/2022 | $23,613.21 | $51,189.74 |
| Form 941 | 9/30/2021 | 8/15/2022 | $28,885.39 | $61,109.81 |
| Form 941 | 12/31/2021 | 8/15/2022 | $34,917.14 | $67,043.61 |
| Form 941 | 3/31/2022 | 7/11/2022 | $32,756.95 | $55,978.28 |
| Form 941 | 6/30/2022 | 1/2/2023 | $30,514.59 | $38,939.01 |
| Form 941 | 9/30/2022 | 11/21/2022 | $25,738.22 | $23,956.49 |
| Form 941 | 9/30/2023 | 11/27/2023 | $31,207.69 | $32,318.08 |
| | | | **Outstanding Form 941 Liability:** | $2,737,313.29 |
| Penalty for filing Form 1065 after due date | 12/31/2015 | 4/9/2018 | $7,020.00 | $7,102.41 |
| Penalty for filing Form 1065 after due date | 12/31/2016 | 4/16/2018 | $2,925.00 | $1,523.17 |

| | | | | |
|---|---|---|---|---|
| Penalty for failure to provide information (Form 1065) | 12/31/2017 | 10/31/2022 | $7,200.00 | $9,228.79 |
| Penalty for failure to provide information (Form 1065) | 12/31/2018 | 10/31/2022 | $7,200.00 | $9,228.79 |
| Penalty for failure to provide information (Form 1065) | 12/31/2020 | 11/14/2022 | $630 | $805.68 |
| | | | **Outstanding Form 1065 Liability:** | $27,888.84 |
| Form 940 | 12/31/2016 | 10/31/2022 | $1,629.03 | $3,787.06 |
| Form 940 | 12/31/2018 | 10/31/2022 | $1,365.61 | $2,934.96 |
| Form 940 | 12/31/2019 | 2/24/2020 | $1,148.43 | $2,008.86 |
| Form 940 | 12/31/2020 | 10/24/2022 | $7,854.33 | $16,945.62 |
| Form 940 | 12/31/2021 | 4/4/2022 | $978.73 | $1,750.01 |
| Form 940 | 12/31/2022 | 2/20/2023 | $676.23 | $883.98 |
| | | | **Outstanding Form 940 Liability:** | $28,310.49 |
| | | | **Total Outstanding Balance:** | $2,793,512.62 |

79. The United States gave Fayito proper notice of the assessments and made demand for payment of the unpaid federal tax assessments set forth in Paragraph 78 above.

80. Despite notice and demand for payment, Fayito failed, neglected, or refused to pay the outstanding federal tax assessments.

81. As a result, Fayito is indebted to the United States for unpaid federal employment taxes and statutory additions to tax in the amount of $2,737,313.29, as of March 23, 2026, plus interest and other statutory additions to tax that will continue to accrue as provided by law after that date; for unpaid penalties and statutory additions in the amount of $27,888.84, as of March 23, 2026, plus interest and other statutory additions that will continue to accrue as provided by law after that date; and for unpaid federal unemployment taxes and statutory additions to tax in

the amount of $28,310.49, as of March 23, 2026, plus interest and other statutory additions to tax that will continue to accrue as provided by law after that date.

WHEREFORE, the United States seeks judgment on Count V of its complaint as follows:

(A) Judgment in favor of the United States and against Defendant Fayito in the amount of $2,793,512.62, as of March 23, 2026, plus statutory additions and interest that will continue to accrue after that date until paid; and

(B) Such other and further relief as may be deemed just and proper under the circumstances.

**COUNT VI – REDUCE FEDERAL TAX ASSESSMENTS OF DINER DX, INC. TO JUDGMENT**

82. The United States incorporates by reference the allegations in the preceding paragraphs.

83. For the tax types and periods set forth in the table below, and on the dates set forth below, a delegate of the Secretary of the Treasury made the following assessments against Diner DX:

| Tax Type | Tax Period | Assessment Date | Assessment Amount | Outstanding Balance as of March 23, 2026 |
|---|---|---|---|---|
| Form 941 | 6/30/2013 | 10/8/2018 | $50,031.74 | $142,774.79 |
| Form 941 | 9/30/2013 | 10/8/2018 | $61,141.47 | $173,426.07 |
| Form 941 | 12/31/2013 | 10/8/2018 | $61,389.11 | $173,098.14 |
| Form 941 | 3/31/2014 | 9/20/2021 | $69,489.14 | $189,813.45 |
| Form 941 | 6/30/2014 | 10/8/2018 | $61,341.03 | $156,997.04 |
| Form 941 | 12/31/2014 | 10/8/2018 | $60,890.86 | $167,607.54 |
| Form 941 | 6/30/2015 | 4/6/2020 | $62,426.71 | $153,718.69 |
| Form 941 | 12/31/2015 | 4/6/2020 | $58,946.72 | $151,394.83 |
| Form 941 | 3/31/2016 | 7/4/2016 | $65,408.11 | $48,558.08 |
| Form 941 | 6/30/2016 | 10/10/2016 | $58,868.69 | $135,720.62 |
| Form 941 | 9/30/2016 | 4/6/2020 | $66,013.79 | $165,634.34 |
| Form 941 | 12/31/2016 | 12/26/2022 | $73,362.58 | $184,218.25 |

| | | | | |
|---|---|---|---|---|
| Form 941 | 3/31/2017 | 5/22/2017 | $59,733.58 | $119,083.66 |
| Form 941 | 6/30/2017 | 10/8/2018 | $68,780.29 | $175,732.01 |
| Form 941 | 9/30/2017 | 11/27/2017 | $56,746.27 | $110,439.34 |
| Form 941 | 12/31/2017 | 4/2/2018 | $66,307.37 | $143,485.40 |
| Form 941 | 3/31/2018 | 10/8/2018 | $57,030.59 | $137,952.74 |
| Form 941 | 6/30/2018 | 10/8/2018 | $67,908.73 | $143,781.22 |
| Form 941 | 9/30/2018 | 11/26/2018 | $50,392.88 | $105,181.13 |
| Form 941 | 3/31/2019 | 4/6/2020 | $63,440.02 | $136,193.22 |
| Form 941 | 6/30/2019 | 4/6/2020 | $74,715.19 | $167,826.87 |
| Form 941 | 9/30/2019 | 4/6/2020 | $62,052.17 | $129,746.56 |
| Form 941 | 12/31/2019 | 2/24/2020 | $75,052.93 | $127,247.23 |
| Form 941 | 3/31/2020 | 9/21/2020 | $62,976.96 | $67,403.23 |
| Form 941 | 6/30/2020 | 10/5/2020 | $20,232.00 | $12,691.84 |
| Form 941 | 9/30/2020 | 8/22/2022 | $26,116.63 | $23,027.43 |
| Form 941 | 12/31/2020 | 6/20/2022 | $35,146.33 | $60,635.67 |
| Form 941 | 9/30/2021 | 8/15/2022 | $53,431.80 | $113,040.11 |
| Form 941 | 12/31/2021 | 8/15/2022 | $58,984.28 | $113,254.42 |
| Form 941 | 3/31/2022 | 11/7/2022 | $44,502.62 | $84,445.48 |
| Form 941 | 6/30/2022 | 12/12/2022 | $55,342.38 | $69,323.25 |
| Form 941 | 9/30/2022 | 11/21/2022 | $54,498.65 | $48,498.12 |
| Form 941 | 9/30/2023 | 12/4/2023 | $62,608.42 | $14,618.91 |
| | | | **Outstanding Form 941 Liability** | $3,946,569.68 |
| Form 940 | 12/31/2016 | 10/24/2022 | $3,061.09 | $7,705.43 |
| Form 940 | 12/31/2018 | 10/31/2022 | $2,577.78 | $6,039.21 |
| Form 940 | 12/31/2019 | 2/24/2020 | $3,016.12 | $5,761.06 |
| Form 940 | 12/31/2020 | 1/2/2023 | $2,450.38 | $4,878.12 |
| Form 940 | 12/31/2021 | 4/4/2022 | $2,092.83 | $5,427.17 |
| Additional Tax Assessed | 12/31/2021 | 9/9/2024 | $1,174.63 | |
| | | | **Outstanding Form 940 Liability:** | $29,810.99 |
| Civil Penalty | 12/31/2015 | 3/4/2019 | $31,698.59 | $47,202.16 |
| | | | **Outstanding Civil Penalty Liability:** | $47,202.16 |
| | | | **Total Outstanding Balance:** | $4,023,582.83 |

84. The IRS assessed the civil penalty described in Paragraph 83 above due to Diner DX's failure to file information returns under 26 U.S.C. § 6721.

85. The United States gave Diner DX proper notice of the assessments and made demand for payment of the unpaid federal tax assessments set forth in Paragraph 83 above.

86. Despite notice and demand for payment, Diner DX failed, neglected, or refused to pay the outstanding federal tax assessments.

87. As a result, Diner DX is indebted to the United States for unpaid federal employment taxes and statutory additions to tax in the amount of $3,946,569.68, as of March 23, 2026, plus interest and other statutory additions to tax that will continue to accrue as provided by law after that date; for unpaid federal unemployment taxes and statutory additions to tax in the amount of $29,810.99, as of March 23, 2026, plus interest and other statutory additions to tax that will continue to accrue as provided by law after that date; and for an unpaid civil penalty and statutory additions in the amount of $47,202.16, as of March 23, 2026, plus interest and other statutory additions that will continue to accrue as provided by law after that date.

WHEREFORE, the United States seeks judgment on Count VI of its complaint as follows:

(A) Judgment in favor of the United States and against Defendant Diner DX in the amount of $4,023,582.83, as of March 23, 2026, plus statutory additions and interest that will continue to accrue after that date until paid; and

(B) Such other and further relief as may be deemed just and proper under the circumstances.

**COUNT VII – REDUCE FEDERAL TAX ASSESSMENTS OF AMPHORA BAKERY INC. TO JUDGMENT**

88. The United States incorporates by reference the allegations in the preceding paragraphs.

89. For the tax types and periods set forth in the table below, and on the dates set forth below, a delegate of the Secretary of the Treasury made the following assessments against Amphora Bakery:

| Tax Type | Tax Period | Assessment Date | Assessment Amount | Outstanding Balance as of March 23, 2026 |
|---|---|---|---|---|
| Form 941 | 6/30/2012 | 10/8/2018 | $27,893.60 | $81,496.08 |
| Form 941 | 9/30/2012 | 10/15/2018 | $27,240.72 | $79,099.25 |
| Form 941 | 6/30/2013 | 4/6/2020 | $35,638.42 | $97,321.17 |
| Form 941 | 9/30/2013 | 10/8/2018 | $43,414.14 | $113,250.35 |
| Form 941 | 12/31/2013 | 10/8/2018 | $39,202.25 | $110,538.08 |
| Form 941 | 3/31/2014 | 10/15/2018 | $47,186.90 | $132,264.27 |
| Form 941 | 6/30/2014 | 4/6/2020 | $42,200.02 | $112,439.55 |
| Form 941 | 12/31/2014 | 10/8/2018 | $46,252.42 | $127,253.93 |
| Form 941 | 3/31/2015 | 10/8/2018 | $49,566.73 | $135,485.64 |
| Form 941 | 6/30/2015 | 10/8/2018 | $35,638.42 | $123,466.11 |
| Additional Tax Assessed | 6/30/2015 | 12/24/2018 | $10,674.80 | |
| Form 941 | 12/31/2015 | 4/6/2020 | $47,842.09 | $122,874.46 |
| Form 941 | 3/31/2016 | 7/4/2016 | $52,385.26 | $106,565.16 |
| Form 941 | 6/30/2016 | 10/8/2018 | $48,519.38 | $127,931.57 |
| Form 941 | 9/30/2016 | 10/8/2018 | $49,305.58 | $128,884.89 |
| Form 941 | 12/31/2016 | 10/8/2018 | $57,993.52 | $150,288.96 |
| Form 941 | 3/31/2017 | 5/22/2017 | $39,615.09 | $78,287.30 |
| Form 941 | 6/30/2017 | 4/6/2020 | $51,954.93 | $127,123.15 |
| Form 941 | 9/30/2017 | 11/27/2017 | $37,238.63 | $71,939.12 |
| Form 941 | 12/31/2017 | 4/2/2018 | $55,428.55 | $119,307.62 |
| Form 941 | 3/31/2018 | 10/8/2018 | $38,674.56 | $93,259.17 |
| Form 941 | 6/30/2018 | 10/8/2018 | $49,577.73 | $108,019.46 |
| Form 941 | 9/30/2018 | 11/26/2018 | $32,132.56 | $67,050.70 |
| Form 941 | 12/31/2018 | 1/31/2019 | $24.42 | $95.16 |
| Form 941 | 3/31/2019 | 4/6/2020 | $33,886.01 | $59,432.92 |
| Form 941 | 6/30/2019 | 4/6/2020 | $45,169.09 | $101,457.82 |
| Form 941 | 9/30/2019 | 4/6/2020 | $35,434.73 | $74,117.45 |
| Form 941 | 12/31/2019 | 2/24/2020 | $45,821.40 | $80,038.55 |
| Form 941 | 3/31/2020 | 6/22/2020 | $31,978.03 | $21,588.03 |
| Form 941 | 6/30/2020 | 10/5/2020 | $15,557.60 | $9,379.02 |
| Form 941 | 9/30/2020 | 2/28/2022 | $21,411.49 | $9,304.83 |
| Form 941 | 12/31/2020 | 7/11/2022 | $24,984.13 | $50,381.20 |
| Form 941 | 9/30/2021 | 8/15/2022 | $34,165.59 | $72,292.86 |
| Form 941 | 12/31/2021 | 8/15/2022 | $36,554.88 | $70,201.36 |
| Form 941 | 3/31/2022 | 11/7/2022 | $22,564.54 | $42,808.66 |
| Form 941 | 6/30/2022 | 12/12/2022 | $31,338.96 | $38,770.75 |
| Form 941 | 9/30/2022 | 11/21/2022 | $29,316.11 | $25,168.00 |
| | | | **Outstanding Form 941 Liability:** | $3,069,182.60 |
| Form 940 | 12/31/2016 | 10/24/2022 | $2,463.74 | $5,728.43 |
| Form 940 | 12/31/2018 | 11/21/2022 | $1,850.66 | $3,976.90 |

| | | | | |
|---|---|---|---|---|
| Form 940 | 12/31/2020 | 10/24/2022 | $2,575.18 | $5,554.93 |
| Form 940 | 12/31/2021 | 4/4/2022 | $1,215.26 | $3,857.79 |
| Additional Tax Assessed | 12/31/2021 | 9/9/2024 | $1,093.72 | |
| Form 940 | 12/31/2022 | 2/20/2023 | $1,110.69 | $15,247.39 |
| Additional Tax Assessed | 12/31/2022 | 4/28/2025 | $9,996.21 | |
| | | | **Outstanding Form 940 Liability:** | $34,365.44 |
| | | | **Total Outstanding Balance:** | $3,103,548.04 |

90. The United States gave Amphora Bakery proper notice of the assessments and made demand for payment of the unpaid federal tax assessments set forth in Paragraph 89 above.

91. Despite notice and demand for payment, Amphora Bakery failed, neglected, or refused to pay the outstanding federal tax assessments.

92. As a result, Amphora Bakery is indebted to the United States for unpaid federal employment taxes and statutory additions to tax in the amount of $3,069,182.60, as of March 23, 2026, plus interest and other statutory additions to tax that will continue to accrue as provided by law after that date and for unpaid federal unemployment taxes and statutory additions to tax in the amount of $34,365.44, as of March 23, 2026, plus interest and other statutory additions to tax that will continue to accrue as provided by law after that date.

WHEREFORE, the United States seeks judgment on Count VII of its complaint as follows:

(A) Judgment in favor of the United States and against Defendant Amphora Bakery in the amount of $3,103,548.04, as of March 23, 2026, plus statutory additions and interest that will continue to accrue after that date until paid; and

(B) Such other and further relief as may be deemed just and proper under the circumstances.

**COUNT VIII – REDUCE FEDERAL TAX ASSESSMENTS OF B&C BAILEYS FAMILY LLC TO JUDGMENT**

93. The United States incorporates by reference the allegations in the preceding paragraphs.

94. For the tax types and periods set forth in the table below, and on the dates set forth below, a delegate of the Secretary of the Treasury made the following assessments against Defendant B&C Baileys Family:

| Tax Type | Tax Period | Assessment Date | Assessment Amount | Outstanding Balance as of March 30, 2026 |
|---|---|---|---|---|
| Penalty for failure to provide information (Form 1065) | 12/31/2017 | 1/9/2023 | $28,800.00 | $36,532.92 |
| Penalty for failure to provide information (Form 1065) | 12/31/2018 | 1/9/2023 | $33,600.00 | $42,621.76 |
| Penalty for failure to provide information (Form 1065) | 12/31/2019 | 12/19/2022 | $4,920.00 | $6,264.16 |
| Penalty for failure to provide information (Form 1065) | 12/31/2020 | 12/12/2022 | $5,040.00 | $6,474.53 |
| Penalty for failure to provide information (Form 1065) | 12/31/2021 | 12/12/2022 | $22,680.00 | $28,909.55 |
| | | | **Outstanding Form 1065 Liability:** | $120,802.92 |

95. The United States gave Defendant B&C Baileys Family proper notice of the assessments and made demand for payment of the unpaid federal tax assessments set forth in Paragraph 94 above.

96. Despite notice and demand for payment, Defendant B&C Baileys Family failed, neglected, or refused to pay the outstanding federal tax assessments.

97. As a result, Defendant B&C Baileys Family is indebted to the United States for unpaid penalties for failing to provide information related to Form 1065 and statutory additions

to tax in the amount of $120,802.92, as of March 30, 2026, plus interest and other statutory additions to tax that will continue to accrue as provided by law after that date.

WHEREFORE, the United States seeks judgment on Count VIII of its complaint as follows:

(A) Judgment in favor of the United States and against Defendant B&C Baileys Family in the amount of $120,802.92, as of March 30, 2026, plus statutory additions and interest that will continue to accrue after that date until paid; and

(B) Such other and further relief as may be deemed just and proper under the circumstances.

## COUNT IX – REDUCE FEDERAL TAX ASSESSMENTS OF B&C FAMILY LLC TO JUDGMENT

98. The United States incorporates by reference the allegations in the preceding paragraphs.

99. For the tax types and periods set forth in the table below, and on the dates set forth below, a delegate of the Secretary of the Treasury made the following assessments against Defendant B&C Family:

| Tax Type | Tax Period | Assessment Date | Assessment Amount | Outstanding Balance as of March 30, 2026 |
|---|---|---|---|---|
| Penalty for filing Form 1065 after due date | 12/31/2014 | 1/18/2016 | $5,460.00 | $9,305.13 |
| Penalty for filing Form 1065 after due date | 12/31/2015 | 4/9/2018 | $7,020.00 | $10,965.46 |
| Penalty for filing Form 1065 after due date | 12/31/2016 | 4/16/2018 | $3,510.00 | $5,537.84 |
| Penalty for failure to provide information (Form 1065) | 12/31/2017 | 10/31/2022 | $7,200.00 | $9,241.19 |
| Penalty for failure to provide information (Form 1065) | 12/31/2018 | 11/7/2022 | $7,200.00 | $9,230.58 |

| | | | | |
|---|---|---|---|---|
| Penalty for failure to provide information (Form 1065) | 12/31/2021 | 7/17/2023 | $7,560.00 | $9,248.54 |
| Penalty for failure to provide information (Form 1065) | 12/31/2023 | 9/9/2024 | $4,230.00 | $4,730.16 |
| | | | **Outstanding Form 1065 Liability:** | $58,258.90 |

100. The United States gave Defendant B&C Family proper notice of the assessments and made demand for payment of the unpaid federal tax assessments set forth in Paragraph 99 above.

101. Despite notice and demand for payment, Defendant B&C Family failed, neglected, or refused to pay the outstanding federal tax assessments.

102. Generally, the United States must bring a suit to reduce unpaid tax liabilities to judgment within ten years of the date of assessment. 26 U.S.C. § 6502(a). This is referred to as the collection statute expiration date ("CSED").

103. The CSED can be tolled by various events. For example, if a taxpayer files for bankruptcy relief, the CSED is tolled from the date that the taxpayer files the bankruptcy petition until the bankruptcy closes, as well as for an additional six months after the bankruptcy concludes. 26 U.S.C. § 6503(h).

104. All but one of the federal tax assessments set forth in Paragraph 99 above were made within the ten years prior to the filing of the complaint.

105. The assessment for the 2014 tax year was made more than ten years ago, but the CSED was tolled for the reasons described below.

106. B&C Family filed a bankruptcy petition on December 13, 2023, and the bankruptcy case was dismissed on February 28, 2024. Thus, due to the filing of the bankruptcy, the CSED was extended by at least 77 days plus six months.

107. B&C Family filed a bankruptcy petition again on April 10, 2024, and the bankruptcy case was dismissed on November 12, 2024. Thus, due to the filing of this bankruptcy, the CSED was extended by at least 216 days plus six months.

108. Therefore, the CSED for the 2014 tax year was extended by at least one year and 293 days—from January 18, 2026 to November 7, 2027. As such, this suit is timely brought for all the assessments set forth in Paragraph 99 above.

109. As a result, Defendant B&C Family is indebted to the United States for unpaid penalties for failing to provide information related to Form 1065 and for filing the Form 1065 after the due date and statutory additions to the penalties in the amount of $58,258.90, as of March 30, 2026, plus interest and other statutory additions to tax that will continue to accrue as provided by law after that date.

WHEREFORE, the United States seeks judgment on Count IX of its complaint as follows:

(A) Judgment in favor of the United States and against Defendant B&C Family in the amount of $58,258.90, as of March 30, 2026, plus statutory additions and interest that will continue to accrue after that date until paid; and

(B) Such other and further relief as may be deemed just and proper under the circumstances.

## COUNT X – REDUCE FEDERAL TAX ASSESSMENTS OF LACONIA LLC TO JUDGMENT

110. The United States incorporates by reference the allegations in the preceding paragraphs.

111. For the tax types and periods set forth in the table below, and on the dates set forth below, a delegate of the Secretary of the Treasury made the following assessments against Defendant Laconia:

| Tax Type | Tax Period | Assessment Date | Assessment Amount | Outstanding Balance as of March 30, 2026 |
|---|---|---|---|---|
| Penalty for filing Form 1065 after due date | 12/31/2012 | 5/18/2015 | $7,020.00 | $945.29 |
| Penalty for filing Form 1065 after due date | 12/31/2013 | 2/29/2016 | $7,020.00 | $964.96 |
| Penalty for filing Form 1065 after due date | 12/31/2014 | 4/9/2018 | $7,020.00 | $871.69 |
| Penalty for filing Form 1065 after due date | 12/31/2015 | 4/9/2018 | $7,020.00 | $871.69 |
| Penalty for filing Form 1065 after due date | 12/31/2016 | 1/11/2021 | $7,020.00 | $9,607.22 |
| Penalty for filing Form 1065 after due date | 12/31/2018 | 2/3/2020 | $6,000.00 | $1,743.12 |
| Penalty for failure to provide information (Form 1065) | 12/31/2019 | 11/14/2022 | $615.00 | $787.54 |
| Penalty for failure to provide information (Form 1065) | 12/31/2020 | 11/14/2022 | $630.00 | $806.76 |
| Penalty for failure to provide information (Form 1065) | 12/31/2021 | 11/6/2023 | $7,560.00 | $9,042.87 |
| **Outstanding Form 1065 Balance:** | | | | $25,641.14 |

112. The United States gave Defendant Laconia proper notice of the assessments and made demand for payment of the unpaid federal tax assessments set forth in Paragraph 111 above.

113. Despite notice and demand for payment, Defendant Laconia failed, neglected, or refused to pay the outstanding federal tax assessments.

114. All but two of the federal tax assessments set forth in Paragraph 111 above were made within the ten years prior to the filing of the complaint.

115. The assessments for the 2012 and 2013 tax years were made more than ten years ago, but the CSED was tolled for the reasons described below.

116. Laconia filed a bankruptcy petition on April 2, 2019, and the bankruptcy case was closed on April 16, 2021. Thus, due to the filing of the bankruptcy, the CSED was extended by at least 746 days, plus six months.

117. Therefore, the CSEDs for the 2012 and 2013 tax years were extended by at least 746 days and six months. For tax year 2012, the CSED was extended from May 18, 2025 until approximately December 4, 2027. For tax year 2013, the CSED was extended from approximately March 1, 2026 until approximately September 16, 2028. As such, the suit is timely brought for all the assessments set forth in Paragraph 111 above.

118. As a result, Defendant Laconia is indebted to the United States for unpaid penalties for failing to provide information related to Form 1065 and for filing the Form 1065 after the due date and statutory additions to the penalties in the amount of $25,641.14, as of March 30, 2026, plus interest and other statutory additions to tax that will continue to accrue as provided by law after that date.

WHEREFORE, the United States seeks judgment on Count X of its complaint as follows:

(A) Judgment in favor of the United States and against Defendant Laconia in the amount of $25,641.14, as of March 30, 2026, plus statutory additions and interest that will continue to accrue after that date until paid; and

(B) Such other and further relief as may be deemed just and proper under the circumstances.

**COUNT XI – INJUNCTION PURSUANT TO 26 U.S.C. § 7402(a) AGAINST FAYITO LLC, GEORGE CHOLAKIS, STEVEN BILIDAS, AND MARIA CHOLAKIS**

119. The United States incorporates by reference the allegations in the preceding paragraphs.

120. Defendants George Cholakis, Steven Bilidas, and Maria Cholakis are the owners of Fayito.

121. The United States seeks an injunction against Defendant Fayito and its owners, including Defendants George Cholakis, Steven Bilidas, and Maria Cholakis, under 26 U.S.C. § 7402(a), which authorizes this Court to issue orders of injunction "as may be necessary or appropriate for the enforcement of the internal revenue laws." The remedies available to the United States under that statute "are in addition to and not exclusive of any and all remedies." 26 U.S.C. § 7402(a).

122. An injunction by this Court ordering Defendant Fayito and Defendants George Cholakis, Steven Bilidas, and Maria Cholakis to comply with Fayito's federal tax obligations is necessary and appropriate for enforcement of the internal revenue laws and to prevent continued violations of those laws.

123. Defendant Fayito and Defendants George Cholakis, Steven Bilidas, and Maria Cholakis have substantially interfered with and continue to substantially interfere with the internal revenue laws by:

a. Repeatedly failing to collect or pay over to the IRS Fayito's employment and unemployment tax obligations as required by 26 U.S.C. §§ 3102, 3111, 3301, and 3402, and

b. Repeatedly failing to make timely and sufficient employment tax deposits as required by 26 U.S.C. §§ 6302, 6157, and 26 C.F.R. § 31.6302-1.

124. An injunction by this Court ordering Defendants to comply with their federal tax obligations is necessary and appropriate for enforcement of the internal revenue laws and prevention of continued violations, as Defendants continue to flout the federal tax laws and accrue further tax liabilities.

125. Absent court intervention, the United States lacks an adequate legal remedy to prevent additional pyramiding of employment taxes owed by Fayito.

126. As a result of Defendants' violations of federal tax statutes, the United States has suffered and will continue to suffer irreparable harm, including but not limited to:

a. The loss of tax revenue, including the loss of the withheld employee income and FICA taxes for which the employees have already received credit;

b. The drain on limited IRS resources due to its administrative efforts to collect Defendant Fayito's federal employment tax liabilities; and

c. The harm to the tax system as a whole, when competitors and the public see Defendant Fayito's continued non-compliance with the very federal tax laws that they are following.

127. The injury to the United States outweighs any potential harm to Defendant Fayito and Defendants George Cholakis, Steven Bilidas, and Maria Cholakis, as they will merely be compelled to comply with federal law by making employment tax deposits and to take actions that ensure continued compliance with federal law.

128. An injunction in this case will serve the public good. The efficacy of the federal tax system relies upon employers to collect and remit federal employment taxes to the United States. Defendants' failure to make employment tax deposits undermines the system of tax collection because it gives Defendant Fayito an unfair economic advantage over competitors who comply with the law. Enjoining Defendants will protect the public interest in the fair administration of the internal revenue laws and in fair competition by halting their wrongful practices.

129. Without an injunction backed by the Court's contempt powers, Defendant Fayito and Defendants George Cholakis, Steven Bilidas, and Maria Cholakis are likely to continue to obstruct and interfere with the enforcement of the internal revenue laws by pyramiding employment taxes to the detriment of the United States.

WHEREFORE, the United States seeks judgment on Count XI of its complaint as follows:

(A) Find that Defendants Fayito, George Cholakis, Steven Bilidas, and Maria Cholakis have substantially interfered with, and continue to substantially interfere with, the internal revenue laws, and that injunctive relief under 26 U.S.C. § 7402(a) is appropriate to stop that conduct;

(B) Enter a permanent injunction ordering that the Defendants:

1. Deposit employees' withheld income taxes, withheld employee FICA taxes, and the employer's share of FICA taxes, in an appropriate federal depository bank, in accordance with federal deposit regulations;
2. Deposit FUTA taxes each quarter in an appropriate federal depository bank, in accordance with federal deposit regulations;

3. Provide proof to the Internal Revenue Service at 3848 West Columbus Drive, Tampa, Florida 33607-5768, or to such other location designated by the IRS, no later than the 20th day of each month, that the requisite withheld income taxes, FICA taxes (both the employee's withheld portion and the employer's portion), and unemployment tax deposits were timely made;
4. Timely file all future Fayito LLC's federal employment and unemployment tax returns (Form 940 and 941);
5. Timely pay all outstanding liabilities due on each return required to be filed herein;
6. Be prohibited after the date of the injunction from assigning any property or making any disbursements until the withholding liabilities and employment taxes are first properly deposited or paid to the IRS; and
7. Notify the IRS of any future employment tax conduct with respect to any new or presently unknown company that Defendants may become involved with, including the imposition of an affirmative duty upon Defendants George Cholakis, Steven Bilidas, and Maria Cholakis to notify Revenue Officer Brittany Parker, 1320 Central Park Blvd., Suite 400, Fredericksburg, VA 22410, or such other individual(s) as the IRS may deem appropriate, of any new business they may come to own, manage, or work in the next five (5) years, or other appropriate specified time period.

(C) Award the United States such other and further relief as may be deemed just and proper under the circumstances.

**COUNT XII – INJUNCTION PURSUANT TO 26 U.S.C. § 7402(a) AGAINST DINER DX INC., GEORGE CHOLAKIS, STEVEN BILIDAS, AND MARIA CHOLAKIS**

130. The United States incorporates by reference the allegations in the preceding paragraphs.

131. Defendants George Cholakis, Steven Bilidas, and Maria Cholakis are the corporate officers of Diner DX.

132. The United States seeks an injunction against Defendant Diner DX and its officers, Defendants George Cholakis, Steven Bilidas, and Maria Cholakis, under 26 U.S.C. § 7402(a), which authorizes this Court to issue orders of injunction "as may be necessary or appropriate for the enforcement of the internal revenue laws." The remedies available to the United States under that statute "are in addition to and not exclusive of any and all remedies." 26 U.S.C. § 7402(a).

133. An injunction by this Court ordering Defendant Diner DX and Defendants George Cholakis, Steven Bilidas, and Maria Cholakis to comply with Diner DX's federal tax obligations is necessary and appropriate for enforcement of the internal revenue laws and to prevent continued violations of those laws.

134. Defendant Diner DX and Defendants George Cholakis, Steven Bilidas, and Maria Cholakis have substantially interfered with and continue to substantially interfere with the internal revenue laws by:

a. Repeatedly failing to collect or pay over to the IRS Diner DX's employment and unemployment tax obligations as required by 26 U.S.C. §§ 3102, 3111, 3301, and 3402, and

b. Repeatedly failing to make timely and sufficient employment tax deposits as required by 26 U.S.C. §§ 6302, 6157, and 26 C.F.R. § 31.6302-1.

135. An injunction by this Court ordering Defendants to comply with their federal tax obligations is necessary and appropriate for enforcement of the internal revenue laws and prevention of continued violations, as Defendants continue to flout the federal tax laws and accrue further tax liabilities.

136. Absent court intervention, the United States lacks an adequate legal remedy to prevent additional pyramiding of employment taxes owed by Diner DX.

137. As a result of Defendants' violations of federal tax statutes, the United States has suffered and will continue to suffer irreparable harm, including but not limited to:

a. The loss of tax revenue, including the loss of the withheld employee income and FICA taxes for which the employees have already received credit;

b. The drain on limited IRS resources due to its administrative efforts to collect Defendant Diner DX's federal employment tax liabilities; and

c. The harm to the tax system as a whole, when competitors and the public see Defendant Diner DX's continued non-compliance with the very federal tax laws that they are following.

138. The injury to the United States outweighs any potential harm to Defendant Diner DX and Defendants George Cholakis, Steven Bilidas, and Maria Cholakis, as they will merely be compelled to comply with federal law by making employment tax deposits and to take actions that ensure continued compliance with federal law.

139. An injunction in this case will serve the public good. The efficacy of the federal tax system relies upon employers to collect and remit federal employment taxes to the United States. Defendants' failure to make employment tax deposits undermines the system of tax collection because it gives Diner DX an unfair economic advantage over competitors who

comply with the law. Enjoining Defendants will protect the public interest in the fair administration of the internal revenue laws and in fair competition by halting their wrongful practices.

140. Without an injunction backed by the Court's contempt powers, Defendant Diner DX and Defendants George Cholakis, Steven Bilidas, and Maria Cholakis are likely to continue to obstruct and interfere with the enforcement of the internal revenue laws by pyramiding employment taxes to the detriment of the United States.

WHEREFORE, the United States seeks judgment on Count XII of its complaint as follows:

(A) Find that Defendants Diner DX, George Cholakis, Steven Bilidas, and Maria Cholakis have substantially interfered with, and continue to substantially interfere with, the internal revenue laws, and that injunctive relief under 26 U.S.C. § 7402(a) is appropriate to stop that conduct;

(B) Enter a permanent injunction ordering that the Defendants:

1. Deposit employees' withheld income taxes, withheld employee FICA taxes, and the employer's share of FICA taxes, in an appropriate federal depository bank, in accordance with federal deposit regulations;
2. Deposit FUTA taxes each quarter in an appropriate federal depository bank, in accordance with federal deposit regulations;
3. Provide proof to the Internal Revenue Service at 3848 West Columbus Drive, Tampa, Florida 33607-5768, or to such other location designated by the IRS, no later than the 20th day of each month, that the requisite withheld income

taxes, FICA taxes (both the employee's withheld portion and the employer's portion), and unemployment tax deposits were timely made;

4. Timely file all future Diner DX's federal employment and unemployment tax returns (Form 940 and 941);
5. Timely pay all outstanding liabilities due on each return required to be filed herein;
6. Be prohibited after the date of the injunction from assigning any property or making any disbursements until the withholding liabilities and employment taxes are first properly deposited or paid to the IRS; and
7. Notify the IRS of any future employment tax conduct with respect to any new or presently unknown company that Defendants may become involved with, including the imposition of an affirmative duty upon Defendants George Cholakis, Steven Bilidas, and Maria Cholakis to notify Revenue Officer Brittany Parker, 1320 Central Park Blvd., Suite 400, Fredericksburg, VA 22410, or such other individual(s) as the IRS may deem appropriate, of any new business they may come to own, manage, or work in the next five (5) years, or other appropriate specified time period.

(C) Award the United States such other and further relief as may be deemed just and proper under the circumstances.

**COUNT XIII – INJUNCTION PURSUANT TO 26 U.S.C. § 7402(a) AGAINST AMPHORA BAKERY INC., GEORGE CHOLAKIS, AND STEVEN BILIDAS**

141. The United States incorporates by reference the allegations in the preceding paragraphs.

142. Defendants George Cholakis and Steven Bilidas are the corporate officers of Amphora Bakery.

143. The United States seeks an injunction against Defendant Amphora Bakery and its officers, Defendants George Cholakis and Steven Bilidas, under 26 U.S.C. § 7402(a), which authorizes this Court to issue orders of injunction "as may be necessary or appropriate for the enforcement of the internal revenue laws." The remedies available to the United States under that statute "are in addition to and not exclusive of any and all remedies." 26 U.S.C. § 7402(a).

144. An injunction by this Court ordering Defendant Amphora Bakery and Defendants George Cholakis and Steven Bilidas to comply with Amphora Bakery's federal tax obligations is necessary and appropriate for enforcement of the internal revenue laws and to prevent continued violations of those laws.

145. Defendant Amphora Bakery and Defendants George Cholakis and Steven Bilidas have substantially interfered with and continue to substantially interfere with the internal revenue laws by:

a. Repeatedly failing to collect or pay over to the IRS Amphora Bakery's employment and unemployment tax obligations as required by 26 U.S.C. §§ 3102, 3111, 3301, and 3402, and

b. Repeatedly failing to make timely and sufficient employment tax deposits as required by 26 U.S.C. §§ 6302, 6157, and 26 C.F.R. § 31.6302-1.

146. An injunction by this Court ordering Defendants to comply with their federal tax obligations is necessary and appropriate for enforcement of the internal revenue laws and prevention of continued violations, as Defendants continue to flout the federal tax laws and accrue further tax liabilities.

147. Absent court intervention, the United States lacks an adequate legal remedy to prevent additional pyramiding of employment taxes owed by Amphora Bakery.

148. As a result of Defendants' violations of federal tax statutes, the United States has suffered and will continue to suffer irreparable harm, including but not limited to:

a. The loss of tax revenue, including the loss of the withheld employee income and FICA taxes for which the employees have already received credit;

b. The drain on limited IRS resources due to its administrative efforts to collect Defendant Amphora Bakery's federal employment tax liabilities; and

c. The harm to the tax system as a whole, when competitors and the public see Defendant Amphora Bakery's continued non-compliance with the very federal tax laws that they are following.

149. The injury to the United States outweighs any potential harm to Defendant Amphora Bakery and Defendants George Cholakis and Steven Bilidas, as they will merely be compelled to comply with federal law by making employment tax deposits and to take actions that ensure continued compliance with federal law.

150. An injunction in this case will serve the public good. The efficacy of the federal tax system relies upon employers to collect and remit federal employment taxes to the United States. Defendants' failure to make employment tax deposits undermines the system of tax collection because it gives Amphora Bakery an unfair economic advantage over competitors who comply with the law. Enjoining Defendants will protect the public interest in the fair administration of the internal revenue laws and in fair competition by halting their wrongful practices.

151. Without an injunction backed by the Court's contempt powers, Defendant Amphora Bakery and Defendants George Cholakis and Steven Bilidas are likely to continue to obstruct and interfere with the enforcement of the internal revenue laws by pyramiding employment taxes to the detriment of the United States.

WHEREFORE, the United States seeks judgment on Count XIII of its complaint as follows:

(A) Find that Defendants Amphora Bakery, George Cholakis, and Steven Bilidas have substantially interfered with, and continue to substantially interfere with, the internal revenue laws, and that injunctive relief under 26 U.S.C. § 7402(a) is appropriate to stop that conduct;

(B) Enter a permanent injunction ordering that the Defendants:

1. Deposit employees' withheld income taxes, withheld employee FICA taxes, and the employer's share of FICA taxes, in an appropriate federal depository bank, in accordance with federal deposit regulations;
2. Deposit FUTA taxes each quarter in an appropriate federal depository bank, in accordance with federal deposit regulations;
3. Provide proof to the Internal Revenue Service at 3848 West Columbus Drive, Tampa, Florida 33607-5768, or to such other location designated by the IRS, no later than the 20th day of each month, that the requisite withheld income taxes, FICA taxes (both the employee's withheld portion and the employer's portion), and unemployment tax deposits were timely made;
4. Timely file all future Amphora Bakery's federal employment and unemployment tax returns (Form 940 and 941);

5. Timely pay all outstanding liabilities due on each return required to be filed herein;
6. Be prohibited after the date of the injunction from assigning any property or making any disbursements until the withholding liabilities and employment taxes are first properly deposited or paid to the IRS; and
7. Notify the IRS of any future employment tax conduct with respect to any new or presently unknown company that Defendants may become involved with, including the imposition of an affirmative duty upon Defendants George Cholakis and Steven Bilidas to notify Revenue Officer Brittany Parker, 1320 Central Park Blvd., Suite 400, Fredericksburg, VA 22410, or such other individual(s) as the IRS may deem appropriate, of any new business they may come to own, manage, or work in the next five (5) years, or other appropriate specified time period.

152. Award the United States such other and further relief as may be deemed just and proper under the circumstances.

*(Signatures on next page.)*

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JOSHUA WU
Deputy Assistant Attorney General
Tax Litigation Branch

By: */s/ Maria E. Ruwe*

MARIA E. RUWE
JOSHUA D. ZIMBERG
Trial Attorneys
Tax Litigation Branch
Civil Division, Department of Justice
P.O. Box 227
Washington, D.C. 20044
202-746-1624 (phone)
202-598-3739 (phone)
202-514-6866 (fax)
Maria.E.Ruwe@usdoj.gov
Joshua.D.Zimberg@usdoj.gov
*Counsel for Plaintiff*

TODD BLANCHE
ACTING ATTORNEY GENERAL

By: */s/ Gerard Mene*

GERARD MENE
Assistant U.S. Attorney
Counsel for the United States
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tel: (703) 299-3777
Fax: (703) 299-3898
Gerard.Mene@usdoj.gov