FILED
09/04/2026
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

UNITED STATES OF AMERICA,

Plaintiff,

v.

GEORGE CHOLAKIS, STEVEN BILIDAS, FAYITO LLC, DINER DX INC., AMPHORA BAKERY INC., B&C BAILEYS FAMILY LLC, B&C FAMILY LLC, LACONIA LLC, and MARIA CHOLAKIS,

Defendants.

Civil Action No. 1:26-cv-01935-PTG-WEF

## ANSWER OF DEFENDANT STEVEN BILIDAS, PRO SE, TO PLAINTIFF'S COMPLAINT

Defendant Steven Bilidas, appearing pro se and on his own behalf only, and expressly not on behalf of any other individual defendant and not on behalf of any corporate, limited liability, or other artificial entity named as a defendant in this action, answers the Complaint of the United States of America as follows.

## PRELIMINARY STATEMENT

A. This Answer is filed by Defendant Steven Bilidas individually. Nothing in this Answer is intended as, and nothing in it shall be construed as, an appearance on behalf of Fayito LLC, Diner DX Inc., Amphora Bakery Inc., B&C Baileys Family LLC, B&C Family LLC, or Laconia LLC. Defendant understands that an artificial entity may appear in this Court only through licensed counsel. Rowland v. California Men's Colony, 506 U.S. 194 (1993).

B. The Complaint contains two separate series of paragraphs numbered 1 and 2. The first series appears under the heading "Jurisdiction and Venue" and the second series appears

under the heading "Parties." For clarity, this Answer refers to the first series as "Jurisdiction ¶ 1" and "Jurisdiction ¶ 2," and to the second series as "Parties ¶ 1" through "Parties ¶ 10." All other paragraph references correspond to the consecutive numbering of the Complaint.

C. The Complaint incorporates numerous tables of purported assessment dates and dollar amounts. Many entries in those tables — including substantial portions of the table set out at paragraph 43 — are illegible, incomplete, or internally inconsistent in the copy served upon Defendant, and none has been reconciled against certified transcripts of account. Defendant therefore responds to each such table on the basis of a lack of knowledge or information sufficient to form a belief as to the truth of the figures stated, as permitted by Federal Rule of Civil Procedure 8(b)(5).

D. The unnumbered introductory paragraph preceding the heading "Jurisdiction and Venue" characterizes the nature of this action and states legal conclusions to which no response is required. To the extent a response is required, Defendant denies that he is indebted to the United States in any amount and denies that any injunctive relief against him is warranted.

E. Except as expressly and specifically admitted below, every allegation of the Complaint is denied.

## JURISDICTION AND VENUE

**Jurisdiction ¶ 1.** Defendant does not presently contest this Court's subject matter jurisdiction over this action. Defendant denies any characterization of the cited statutes inconsistent with their terms.

**Jurisdiction ¶ 2.** Admitted that Defendant Steven Bilidas resides within the Eastern District of Virginia. Defendant does not presently contest venue in this district. Defendant denies any characterization of the cited venue statutes inconsistent with their terms. Defendant denies

the characterization that "a substantial portion of the events giving rise to this action" occurred as alleged insofar as that phrase assumes the occurrence of wrongful conduct, and denies any such conduct.

## PARTIES

**Parties ¶ 1.** Admitted.

**Parties ¶ 2.** Admitted that George Cholakis is Defendant's cousin. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Mr. Cholakis's residence and, on that basis, denies them. The allegations concerning "co-ownership" are untethered to any date, time period, percentage, or form of interest and are therefore denied as stated.

**Parties ¶ 3.** Admitted that Defendant Steven Bilidas resides at 1151 Elden Street, Herndon, Virginia 20170, in Fairfax County, Virginia, which is within this judicial district, and that he is the cousin of George Cholakis and Maria Cholakis. Defendant denies the allegations of co-ownership as stated, because they are undifferentiated as to date, time period, percentage, and form of interest. Except as expressly admitted, denied.

**Parties ¶ 4.** Admitted that Maria Cholakis is the sister of George Cholakis and Defendant's cousin and that she is a member of B&C Family LLC and of Laconia LLC. Admitted that, as of the filing of the Complaint, Maria Cholakis held an ownership interest in Diner DX Inc. and in Fayito LLC. Defendant denies the allegation insofar as it asserts a present ownership interest. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning her residence and, on that basis, denies them.

**Parties ¶ 5.** Admitted that Fayito LLC is or has been a catering company with a business address at 1141 Elden Street, Suite 224, Herndon, Virginia 20170, in Fairfax County, Virginia. Except as expressly admitted, denied.

**Parties ¶ 6.** Admitted that Diner DX Inc. is or has been a diner with a business address at 1141 Elden Street, Suite 224, Herndon, Virginia 20170, in Fairfax County, Virginia. Except as expressly admitted, denied.

**Parties ¶ 7.** Admitted that Amphora Bakery Inc. is or has been a bakery with a business address at 1141 Elden Street, Suite 224, Herndon, Virginia 20170, in Fairfax County, Virginia. Except as expressly admitted, denied.

**Parties ¶ 8.** Admitted that B&C Baileys Family LLC has maintained a business address on Elden Street in Herndon, Virginia, in Fairfax County. Except as expressly admitted, denied. Defendant answers only in his individual capacity.

**Parties ¶ 9.** Admitted that B&C Family LLC has maintained a business address on Elden Street in Herndon, Virginia, in Fairfax County. Except as expressly admitted, denied. Defendant answers only in his individual capacity.

**Parties ¶ 10.** Admitted that Laconia LLC has maintained a business address on Elden Street in Herndon, Virginia, in Fairfax County. Except as expressly admitted, denied. Defendant answers only in his individual capacity.

## BACKGROUND

**11.** DENIED. Defendant specifically denies that he is indebted to the United States in the amount alleged or in any amount, and denies that the aggregate figure of "over $20 million" is accurate, properly computed, or properly assessed. Defendant further states that the aggregate figure includes overlapping asserted employer and trust fund recovery penalty liabilities and does

not represent an amount that the United States may collect more than once. Defendant reserves all rights to credits for amounts collected and applied toward the same underlying trust fund liabilities.

**12.** Admitted that the individual defendants are related to one another. The remaining allegations are denied as stated. The terms "own and/or are the corporate officers of" and "delinquent" are vague, undifferentiated as to person, entity, and time, and state legal conclusions; they are therefore denied.

**13.** DENIED. Defendant specifically denies that the business defendants "function as an integrated enterprise rather than as independent businesses." This paragraph states a legal conclusion, and Defendant denies any allegation or implication of alter ego, single-employer, or successor liability.

**14.** The first clause characterizes the relief the United States seeks and requires no response. The remaining allegations are DENIED. Defendant specifically denies that he has "pyramided" employment tax liabilities and denies that the IRS's administrative efforts to effect voluntary compliance "have failed."

**15.** Admitted that Fayito LLC, Diner DX Inc., and Amphora Bakery Inc. have had employees to whom wages were paid. Subparagraphs (a), (b), and (c) purport to characterize the requirements of the Internal Revenue Code and Treasury Regulations, which speak for themselves. Defendant denies any characterization of those authorities that is inconsistent with their terms, and denies that he personally bore the duties described.

**16.** These allegations are directed to Defendant Fayito LLC. Defendant answers only in his individual capacity and lacks knowledge or information sufficient to form a belief as to the truth of the specific filing dates, deposit histories, and dollar amounts alleged, which have not

been reconciled against certified transcripts of account, and on that basis denies them. Defendant denies any allegation or implication that he personally failed to comply with any obligation imposed upon him by law.

**17.** These allegations are directed to Defendant Fayito LLC. Defendant answers only in his individual capacity and lacks knowledge or information sufficient to form a belief as to the truth of the specific filing dates, deposit histories, and dollar amounts alleged, which have not been reconciled against certified transcripts of account, and on that basis denies them. Defendant denies any allegation or implication that he personally failed to comply with any obligation imposed upon him by law.

**18.** These allegations are directed to Defendant Fayito LLC. Defendant answers only in his individual capacity and lacks knowledge or information sufficient to form a belief as to the truth of the specific filing dates, deposit histories, and dollar amounts alleged, which have not been reconciled against certified transcripts of account, and on that basis denies them. Defendant denies any allegation or implication that he personally failed to comply with any obligation imposed upon him by law.

**19.** These allegations are directed to Defendant Fayito LLC. Defendant answers only in his individual capacity and lacks knowledge or information sufficient to form a belief as to the truth of the specific filing dates, deposit histories, and dollar amounts alleged, which have not been reconciled against certified transcripts of account, and on that basis denies them. Defendant denies any allegation or implication that he personally failed to comply with any obligation imposed upon him by law.

**20.** These allegations are directed to Defendant Fayito LLC. Defendant answers only in his individual capacity and lacks knowledge or information sufficient to form a belief as to the

truth of the specific filing dates, deposit histories, and dollar amounts alleged, which have not been reconciled against certified transcripts of account, and on that basis denies them. Defendant denies any allegation or implication that he personally failed to comply with any obligation imposed upon him by law.

**21.** These allegations are directed to Defendant Fayito LLC. Defendant answers only in his individual capacity and lacks knowledge or information sufficient to form a belief as to the truth of the specific filing dates, deposit histories, and dollar amounts alleged, which have not been reconciled against certified transcripts of account, and on that basis denies them. Defendant denies any allegation or implication that he personally failed to comply with any obligation imposed upon him by law.

**22.** These allegations are directed to Defendant Diner DX Inc. Defendant answers only in his individual capacity and lacks knowledge or information sufficient to form a belief as to the truth of the specific filing dates, deposit histories, and dollar amounts alleged, which have not been reconciled against certified transcripts of account, and on that basis denies them. Defendant denies any allegation or implication that he personally failed to comply with any obligation imposed upon him by law.

**23.** These allegations are directed to Defendant Diner DX Inc. Defendant answers only in his individual capacity and lacks knowledge or information sufficient to form a belief as to the truth of the specific filing dates, deposit histories, and dollar amounts alleged, which have not been reconciled against certified transcripts of account, and on that basis denies them. Defendant denies any allegation or implication that he personally failed to comply with any obligation imposed upon him by law.

**24.** These allegations are directed to Defendant Diner DX Inc. Defendant answers only in his individual capacity and lacks knowledge or information sufficient to form a belief as to the truth of the specific filing dates, deposit histories, and dollar amounts alleged, which have not been reconciled against certified transcripts of account, and on that basis denies them. Defendant denies any allegation or implication that he personally failed to comply with any obligation imposed upon him by law.

**25.** These allegations are directed to Defendant Diner DX Inc. Defendant answers only in his individual capacity and lacks knowledge or information sufficient to form a belief as to the truth of the specific filing dates, deposit histories, and dollar amounts alleged, which have not been reconciled against certified transcripts of account, and on that basis denies them. Defendant denies any allegation or implication that he personally failed to comply with any obligation imposed upon him by law.

**26.** These allegations are directed to Defendant Diner DX Inc. Defendant answers only in his individual capacity and lacks knowledge or information sufficient to form a belief as to the truth of the specific filing dates, deposit histories, and dollar amounts alleged, which have not been reconciled against certified transcripts of account, and on that basis denies them. Defendant denies any allegation or implication that he personally failed to comply with any obligation imposed upon him by law.

**27.** These allegations are directed to Defendant Diner DX Inc. Defendant answers only in his individual capacity and lacks knowledge or information sufficient to form a belief as to the truth of the specific filing dates, deposit histories, and dollar amounts alleged, which have not been reconciled against certified transcripts of account, and on that basis denies them.

Defendant denies any allegation or implication that he personally failed to comply with any obligation imposed upon him by law.

**28.** These allegations are directed to Defendant Amphora Bakery Inc. Defendant answers only in his individual capacity and lacks knowledge or information sufficient to form a belief as to the truth of the specific filing dates, deposit histories, and dollar amounts alleged, which have not been reconciled against certified transcripts of account, and on that basis denies them. Defendant denies any allegation or implication that he personally failed to comply with any obligation imposed upon him by law.

**29.** These allegations are directed to Defendant Amphora Bakery Inc. Defendant answers only in his individual capacity and lacks knowledge or information sufficient to form a belief as to the truth of the specific filing dates, deposit histories, and dollar amounts alleged, which have not been reconciled against certified transcripts of account, and on that basis denies them. Defendant denies any allegation or implication that he personally failed to comply with any obligation imposed upon him by law.

**30.** These allegations are directed to Defendant Amphora Bakery Inc. Defendant answers only in his individual capacity and lacks knowledge or information sufficient to form a belief as to the truth of the specific filing dates, deposit histories, and dollar amounts alleged, which have not been reconciled against certified transcripts of account, and on that basis denies them. Defendant denies any allegation or implication that he personally failed to comply with any obligation imposed upon him by law.

**31.** These allegations are directed to Defendant Amphora Bakery Inc. Defendant answers only in his individual capacity and lacks knowledge or information sufficient to form a belief as to the truth of the specific filing dates, deposit histories, and dollar amounts alleged,

which have not been reconciled against certified transcripts of account, and on that basis denies them. Defendant denies any allegation or implication that he personally failed to comply with any obligation imposed upon him by law.

**32.** These allegations are directed to Defendant Amphora Bakery Inc. Defendant answers only in his individual capacity and lacks knowledge or information sufficient to form a belief as to the truth of the specific filing dates, deposit histories, and dollar amounts alleged, which have not been reconciled against certified transcripts of account, and on that basis denies them. Defendant denies any allegation or implication that he personally failed to comply with any obligation imposed upon him by law.

**33.** These allegations are directed to Defendant Amphora Bakery Inc. Defendant answers only in his individual capacity and lacks knowledge or information sufficient to form a belief as to the truth of the specific filing dates, deposit histories, and dollar amounts alleged, which have not been reconciled against certified transcripts of account, and on that basis denies them. Defendant denies any allegation or implication that he personally failed to comply with any obligation imposed upon him by law.

**34.** Admitted that the Internal Revenue Service has filed Notices of Federal Tax Lien and has purported to assess trust fund recovery penalties under 26 U.S.C. § 6672 against Defendant Steven Bilidas and Defendant George Cholakis for certain quarterly periods. Defendant denies that those assessments are valid, timely, or correct, and denies that they render him "personally liable" as alleged. As to subparagraph (c), Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the delivery of any document on or about January 16, 2020 and his presence on that occasion, and on that basis denies them. Any document referenced speaks for itself. Except as expressly admitted, denied.

**35.** DENIED. Defendant specifically denies that he has failed to demonstrate a willingness to comply with obligations imposed by the Internal Revenue Code, and denies that any court order is necessary to compel compliance.

**COUNT I — FEDERAL INCOME TAX ASSESSMENTS OF GEORGE CHOLAKIS**

**36–41.** The allegations of Count I are directed to Defendant George Cholakis and seek no relief against Defendant Steven Bilidas. No response is required of him. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 36 through 41 and, on that basis, denies them. Defendant denies that the United States is entitled to any relief against him on Count I.

**COUNT II — FEDERAL INCOME TAX ASSESSMENTS OF STEVEN BILIDAS**

**42.** Defendant repeats and incorporates his responses to the preceding paragraphs as though fully set forth herein.

**43.** Admitted that the Internal Revenue Service has made assessments against Defendant with respect to Form 1040 for one or more of the tax periods identified. Defendant DENIES the specific assessment dates, assessed amounts, and outstanding balances set forth in the table. Substantial portions of that table are illegible in the copy served upon Defendant, including entries for which no tax period, no assessment date, or no outstanding balance can be read. Defendant lacks knowledge or information sufficient to form a belief as to the truth of those figures and, on that basis, denies them. Defendant further denies that the amounts stated are correct, that they were properly computed, or that they reflect all payments, credits, abatements, deposits, withholdings, and offsets to which he is entitled.

**44.** DENIED. Defendant lacks knowledge or information sufficient to form a belief as to whether notice and demand satisfying 26 U.S.C. § 6303(a) was given with respect to each assessment identified, and on that basis denies the allegation.

**45.** DENIED insofar as the paragraph presupposes valid, timely, and correct underlying assessments. Defendant denies any characterization of the accrual provisions inconsistent with their terms.

**46.** DENIED as stated. Defendant denies that he has "refused" to pay any lawfully owed amount.

**47.** DENIED. Defendant further states that the total of $188,281.42 alleged in this paragraph cannot be reconciled with the entries set out in the table at paragraph 43 as served upon him.

**WHEREFORE (Count II).** Defendant denies that the United States is entitled to the judgment or relief requested in subparagraphs (A) and (B), or to any relief whatsoever, on Count II.

## COUNT III — TRUST FUND RECOVERY PENALTIES ASSESSED AGAINST GEORGE CHOLAKIS

**48–61.** The allegations of Count III are directed to Defendant George Cholakis and seek no relief against Defendant Steven Bilidas. No response is required of him. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 48 through 61 and, on that basis, denies them. Defendant denies that the United States is entitled to any relief against him on Count III.

**COUNT IV — TRUST FUND RECOVERY PENALTIES ASSESSED AGAINST STEVEN BILIDAS**

**62.** Defendant repeats and incorporates his responses to the preceding paragraphs as though fully set forth herein.

**63.** The statute cited speaks for itself. Defendant denies any characterization of 26 U.S.C. § 3101 et seq. inconsistent with its terms.

**64.** The statute cited speaks for itself. Defendant denies any characterization of 26 U.S.C. § 6672 inconsistent with its terms, and denies that he is a person subject to the penalty imposed by that section.

**65.** Admitted that Defendant held one or more of the offices of secretary, treasurer, and vice president of Amphora Bakery Inc. during a portion of the period alleged, and that his name appeared on a bank signature card of that entity. Admitted that Defendant oversaw the corporate operations of Amphora Bakery Inc., including the allocation of business funds, the hiring and firing of employees, the authorization and issuance of payroll, and the authorization of payment of bills and creditors. Admitted that Defendant was a person required to collect, truthfully account for, and pay over withheld taxes within the meaning of 26 U.S.C. § 6672 with respect to Amphora Bakery Inc. Defendant DENIES that any failure to collect, truthfully account for, or pay over such taxes was willful within the meaning of 26 U.S.C. § 6672. Willfulness must be determined separately for each entity and each quarterly period. Defendant places in issue, as to each such period, when he acquired knowledge of any nonpayment and whether unencumbered funds were available to the entity for payment of the trust fund taxes thereafter. Except as expressly admitted, denied.

**66.** Admitted that Defendant held the office of vice president of Rollin Road Restaurant Inc., that his name appeared on a bank signature card of that entity, and that he signed checks on its behalf. Except as expressly admitted, DENIED.

**67.** Admitted that Defendant held the office of vice president of Fayito LLC. Admitted that Defendant oversaw the corporate operations of Fayito LLC, including the allocation of business funds, the hiring and firing of employees, the authorization and issuance of payroll, and the authorization of payment of bills and creditors. Admitted that Defendant was a person required to collect, truthfully account for, and pay over withheld taxes within the meaning of 26 U.S.C. § 6672 with respect to Fayito LLC. Defendant DENIES that any failure to collect, truthfully account for, or pay over such taxes was willful within the meaning of 26 U.S.C. § 6672. Willfulness must be determined separately for each entity and each quarterly period. Defendant places in issue, as to each such period, when he acquired knowledge of any nonpayment and whether unencumbered funds were available to the entity for payment of the trust fund taxes thereafter. Defendant denies the characterization that he "directed company funds to pay expenses other than the trust fund taxes" insofar as that phrase imputes knowledge that trust fund taxes were then unpaid or an intent to prefer other creditors. Except as expressly admitted, DENIED.

**68.** Admitted that Defendant held the office of vice president of Diner DX Inc., that his name appeared on a bank signature card of that entity, and that he signed checks on its behalf. Admitted that Defendant oversaw the corporate operations of Diner DX Inc., including the allocation of business funds, the hiring and firing of employees, the authorization and issuance of payroll, and the authorization of payment of bills and creditors. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation that he executed an Internal

Revenue Service Form 2751 with respect to that entity, and on that basis denies it. Any such document speaks for itself. Defendant further states that, if he executed any Internal Revenue Service Form 2751, that execution does not conclusively establish his liability under 26 U.S.C. § 6672 and does not preclude him from contesting liability or the amount of any penalty in this action, except to the extent of any procedural restriction validly waived by its express terms, and has no application to any other entity, period, or assessment. Admitted that Defendant was a person required to collect, truthfully account for, and pay over withheld taxes within the meaning of 26 U.S.C. § 6672 with respect to Diner DX Inc. Defendant DENIES that any failure to collect, truthfully account for, or pay over such taxes was willful within the meaning of 26 U.S.C. § 6672. Willfulness must be determined separately for each entity and each quarterly period. Defendant places in issue, as to each such period, when he acquired knowledge of any nonpayment and whether unencumbered funds were available to the entity for payment of the trust fund taxes thereafter. Except as expressly admitted, DENIED.

**69.** Admitted that Defendant held a management role at AMPGRP LLC. Except as expressly admitted, DENIED.

**70.** Admitted that Defendant was a person required to collect, truthfully account for, and pay over to the United States the employment taxes withheld from the wages of the employees of the companies identified in paragraph 72, within the meaning of 26 U.S.C. § 6672. Defendant DENIES that this status renders him liable for the penalty imposed by that section absent proof of a willful failure, and DENIES any such willful failure. Except as expressly admitted, DENIED.

**71.** DENIED. Defendant specifically denies that he willfully failed to collect, truthfully account for, or pay over to the United States any federal employment tax withholding,

and denies that any failure to pay over withheld taxes was willful within the meaning of 26 U.S.C. § 6672. Willfulness must be determined separately for each entity and each quarterly period. Defendant places in issue, as to each such period, whether he had knowledge of any nonpayment and whether unencumbered funds were available to the entity for payment of the trust fund taxes thereafter.

**72.** DENIED. Defendant denies that the assessments identified in the table were validly, timely, or correctly made. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the specific assessment dates, periods, entities, assessed amounts, and outstanding balances set forth in that table — many of which are illegible in the copy served upon him — and on that basis denies them.

**73.** DENIED. Defendant lacks knowledge or information sufficient to form a belief as to whether notice and demand satisfying 26 U.S.C. § 6303(a) was given as to each penalty assessment, and further denies that he received the notice required by 26 U.S.C. § 6672(b) at least sixty days before assessment with respect to each period identified.

**74.** DENIED insofar as it presupposes valid, timely, and correct underlying assessments. Defendant denies any characterization of the cited authorities inconsistent with their terms.

**75.** DENIED as stated. Defendant denies that he "refused" to pay any lawfully owed amount.

**76.** DENIED.

**WHEREFORE (Count IV).** Defendant denies that the United States is entitled to the judgment or relief requested in subparagraphs (A) and (B), or to any relief whatsoever, on Count IV.

**COUNTS V THROUGH X — ENTITY TAX ASSESSMENTS**

**77–118.** The allegations of Counts V through X (paragraphs 77 through 118) are directed to Defendants Fayito LLC, Diner DX Inc., Amphora Bakery Inc., B&C Baileys Family LLC, B&C Family LLC, and Laconia LLC, and seek no monetary relief against Defendant Steven Bilidas. Those entities are artificial persons that may appear in this action only through licensed counsel, and Defendant Steven Bilidas does not answer on their behalf. To the extent a response is required of him individually, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the assessment dates, dollar amounts, bankruptcy filing and dismissal dates, and collection-statute computations alleged in those paragraphs, and on that basis denies them. Defendant specifically denies any allegation or implication that he is personally liable for any liability of any entity defendant, and denies that the United States is entitled to any relief against him on Counts V through X.

**COUNT XI — INJUNCTION UNDER 26 U.S.C. § 7402(a)**
**(FAYITO LLC, GEORGE CHOLAKIS, STEVEN BILIDAS, MARIA CHOLAKIS)**

**119.** Defendant repeats and incorporates his responses to the preceding paragraphs as though fully set forth herein.

**120.** DENIED as stated. Defendant admits only that he has held an ownership interest in Fayito LLC.

**121.** The statute cited speaks for itself. Defendant denies any characterization of 26 U.S.C. § 7402(a) inconsistent with its terms, and denies that injunctive relief against him is authorized, necessary, or appropriate.

**122.** DENIED.

**123.** DENIED, including subparagraphs (a) and (b). Defendant specifically denies that he has substantially interfered, or continues to substantially interfere, with the administration of the internal revenue laws. Defendant further states that this paragraph attributes the alleged conduct collectively to multiple defendants without identifying any individualized act or omission by Defendant.

**124.** DENIED.

**125.** DENIED. Defendant states affirmatively that the United States possesses ample legal remedies, including the federal tax lien under 26 U.S.C. § 6321, administrative levy under 26 U.S.C. § 6331, the penalty provisions of 26 U.S.C. §§ 6672 and 6656, and this very action to reduce assessments to judgment.

**126.** DENIED, including subparagraphs (a), (b), and (c). Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the Internal Revenue Service's internal resource allocation and, on that basis, denies them.

**127.** DENIED. Defendant specifically denies that the relief requested would merely compel compliance with federal law. Subparagraph (B)(6), on its face, does not expressly limit its restriction on "assigning any property or making any disbursements" to specified business property, business accounts, or particular employment tax obligations. Subparagraph (B)(7) would impose an affirmative five-year obligation to report to the Internal Revenue Service any business Defendant may come to own, manage, or work in. Defendant denies that either restriction is necessary, appropriate, sufficiently specific, or narrowly tailored as applied to him, and denies that either is warranted under 26 U.S.C. § 7402(a) or Federal Rule of Civil Procedure 65(d).

**128.** DENIED.

**129.** DENIED.

**WHEREFORE (Count XI).** Defendant denies that the United States is entitled to the findings requested in subparagraph (A), to the injunction requested in subparagraph (B) and each of its numbered subparts 1 through 7, or to any relief whatsoever, on Count XI.

**COUNT XII — INJUNCTION UNDER 26 U.S.C. § 7402(a)**
**(DINER DX INC., GEORGE CHOLAKIS, STEVEN BILIDAS, MARIA CHOLAKIS)**

**130.** Defendant repeats and incorporates his responses to the preceding paragraphs as though fully set forth herein.

**131.** DENIED as stated. Defendant admits only that he served as an officer of Diner DX Inc. during a portion of the period alleged.

**132.** The statute cited speaks for itself. Defendant denies any characterization of 26 U.S.C. § 7402(a) inconsistent with its terms, and denies that injunctive relief against him is authorized, necessary, or appropriate.

**133.** DENIED.

**134.** DENIED, including subparagraphs (a) and (b), for the reasons stated in the response to paragraph 123.

**135.** DENIED.

**136.** DENIED, for the reasons stated in the response to paragraph 125.

**137.** DENIED, including subparagraphs (a), (b), and (c).

**138.** DENIED, for the reasons stated in the response to paragraph 127.

**139.** DENIED.

**140.** DENIED.

**WHEREFORE (Count XII).** Defendant denies that the United States is entitled to the findings requested in subparagraph (A), to the injunction requested in subparagraph (B) and each of its numbered subparts 1 through 7, or to any relief whatsoever, on Count XII.

**COUNT XIII — INJUNCTION UNDER 26 U.S.C. § 7402(a)**
**(AMPHORA BAKERY INC., GEORGE CHOLAKIS, STEVEN BILIDAS)**

**141.** Defendant repeats and incorporates his responses to the preceding paragraphs as though fully set forth herein.

**142.** Admitted that Defendant served as an officer of Amphora Bakery Inc. during a portion of the period alleged. Except as expressly admitted, denied as stated.

**143.** The statute cited speaks for itself. Defendant denies any characterization of 26 U.S.C. § 7402(a) inconsistent with its terms, and denies that injunctive relief against him is authorized, necessary, or appropriate.

**144.** DENIED.

**145.** DENIED, including subparagraphs (a) and (b), for the reasons stated in the response to paragraph 123.

**146.** DENIED.

**147.** DENIED, for the reasons stated in the response to paragraph 125.

**148.** DENIED, including subparagraphs (a), (b), and (c).

**149.** DENIED, for the reasons stated in the response to paragraph 127.

**150.** DENIED.

**151.** DENIED.

**152.** DENIED.

**WHEREFORE (Count XIII).** Defendant denies that the United States is entitled to the findings requested in subparagraph (A), to the injunction requested in subparagraph (B) and each of its numbered subparts 1 through 7, or to any relief whatsoever, on Count XIII.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

Without assuming any burden of proof, persuasion, or production that he does not otherwise bear as a matter of law, and reserving the right to amend upon further investigation and discovery, Defendant Steven Bilidas asserts the following defenses.

**FIRST DEFENSE — Failure to State a Claim**

To the extent Counts XI, XII, and XIII rely on allegations of interference or future misconduct attributed collectively to multiple defendants, Defendant denies that the Complaint alleges facts sufficient to establish each prerequisite for injunctive relief against him individually. Defendant expressly preserves the defense of failure to state a claim.

**SECOND DEFENSE — Statute of Limitations on Assessment (26 U.S.C. § 6501)**

To the extent any trust fund recovery penalty identified in paragraph 72 was assessed after expiration of the limitations period applicable to the particular entity and quarterly period, the assessment is untimely and invalid. Defendant places in issue the filing date of the corresponding employment tax return, the applicability of 26 U.S.C. § 6501(a), any exception under 26 U.S.C. § 6501(c), the extension provided by 26 U.S.C. § 6672(b)(3), and any purported written extension applicable to that entity and period.

**THIRD DEFENSE — Statute of Limitations on Collection (26 U.S.C. § 6502)**

To the extent any assessment at issue was made more than ten years before this action was commenced, and the applicable collection period was not suspended or extended by law or

by valid agreement, the claim is barred by 26 U.S.C. § 6502(a). Defendant places in issue the assessment date, the applicable collection statute expiration date, and the existence, duration, and legal effect of any asserted suspension or extension.

**FOURTH DEFENSE — Failure to Satisfy the Statutory Prerequisites to a § 6672 Assessment**

Defendant preserves all defenses arising from any failure to provide the notice required by 26 U.S.C. § 6672(b), including any defense concerning the validity, timeliness, or enforceability of an assessment, to the extent applicable to the relevant entity and period. Defendant places in issue whether the required notice was given, whether any applicable statutory notice period expired before assessment, and whether Defendant validly waived any applicable requirement. Defendant separately preserves all defenses arising from any failure to comply with 26 U.S.C. § 6303(a) to the extent such failure bears on any administrative collection remedy asserted by the United States.

**FIFTH DEFENSE — Absence of Willfulness**

Defendant denies that any failure to collect, account for, or pay over withheld taxes was willful within the meaning of 26 U.S.C. § 6672. Willfulness must be determined separately for each entity and each quarterly period, based on Defendant's knowledge, authority, and conduct during that period, and on the unencumbered funds, if any, then available to the entity for payment of the trust fund taxes. Defendant places in issue, as to each entity and period, whether and when he acquired knowledge of any nonpayment and the existence and amount of unencumbered funds available thereafter. To the extent the entity lacked unencumbered funds available for payment of the trust fund taxes, any failure to pay them over was not willful. Defendant denies that he knowingly or recklessly caused trust fund taxes to remain unpaid.

**SIXTH DEFENSE — Payments and Credits**

The amounts claimed are overstated because they fail to reflect payments, deposits, credits, abatements, offsets, and levy and lien proceeds actually received by the United States and properly allocable to the periods and assessments placed in issue.

**SEVENTH DEFENSE — Single Satisfaction and Credits**

The United States may not obtain more than one satisfaction of the same underlying trust fund tax liabilities. Any judgment against Defendant under 26 U.S.C. § 6672 must provide dollar-for-dollar credit for all amounts actually collected and applied by the United States toward those same trust fund liabilities, whether from the employer, from another person assessed under § 6672, or from any other source.

**EIGHTH DEFENSE — Erroneous Computation; Scope of § 6672**

The trust fund recovery penalty under 26 U.S.C. § 6672(a) may not exceed the unpaid employee income tax withholding and the employee share of FICA taxes covered by that provision. Defendant denies liability for employer FICA taxes, federal unemployment taxes, or other amounts not legally includable in the underlying § 6672 penalty, while preserving all objections to the calculation of any statutorily authorized interest or additions.

**NINTH DEFENSE — Availability of Legal Remedies**

To the extent traditional equitable principles apply to relief under 26 U.S.C. § 7402(a), the availability of federal tax liens, administrative levies, the statutory penalty provisions of the Internal Revenue Code, and the monetary judgments sought in this action weighs against the necessity of the additional injunctive relief requested.

**TENTH DEFENSE — Injunctive Relief Is Neither Necessary Nor Appropriate**

The requested injunction is not "necessary or appropriate for the enforcement of the internal revenue laws" within the meaning of 26 U.S.C. § 7402(a), and there is no reasonable likelihood of future violation warranting injunctive relief. To the extent traditional equitable principles additionally apply, the United States cannot establish irreparable injury, the inadequacy of available legal remedies, that the balance of hardships favors the relief sought, or that the public interest warrants the particular restrictions requested.

**ELEVENTH DEFENSE — Overbreadth of the Requested Injunction**

To the extent the relief requested in subparagraphs (B)(6) and (B)(7) of Counts XI, XII, and XIII reaches conduct or property unrelated to the identified employment tax obligations, or imposes restrictions broader than necessary to address any proven violation, it is not necessary or appropriate under 26 U.S.C. § 7402(a) and is not narrowly tailored, and any injunction entered must satisfy Federal Rule of Civil Procedure 65(d).

**TWELFTH DEFENSE — No Alter Ego or Derivative Liability**

Defendant is not liable for the tax obligations of any entity defendant, and no basis exists for disregarding the separate existence of any entity defendant or for imposing its liabilities on Defendant.

**RESERVATION — Amendment**

Defendant reserves the right to seek leave to amend this Answer as permitted by Federal Rule of Civil Procedure 15.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b) and the Seventh Amendment to the Constitution of the United States, Defendant Steven Bilidas demands a trial by jury on all issues for which a trial by jury is constitutionally or statutorily available.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant Steven Bilidas respectfully requests that this Court:

A. Enter judgment in his favor and against the United States on Counts II, IV, XI, XII, and XIII of the Complaint;

B. Dismiss the Complaint as against him with prejudice;

C. Deny the injunctive relief requested in Counts XI, XII, and XIII in its entirety;

D. Award him such recoverable costs, and such fees if any as may be available under applicable law; and

E. Grant such other and further relief as the Court deems just and proper.

Dated: 9-4-26, 2026

Respectfully submitted,

**STEVEN BILIDAS**
1151 Elden Street
Herndon, Virginia 20170
Telephone: 703-887-2283
Email: steve@Amphoragroup.com
*Defendant, Pro Se*

**CERTIFICATE OF SERVICE**

I hereby certify that on the date set forth below I caused a true and correct copy of the foregoing to be served, pursuant to Federal Rule of Civil Procedure 5(a)(1)(B), upon each of the parties listed below, by first-class United States mail, postage prepaid, at the addresses shown. As to any party represented by an attorney who has entered an appearance in this action, service was made upon that attorney pursuant to Federal Rule of Civil Procedure 5(b)(1). A courtesy copy was also transmitted by electronic mail to counsel for the Plaintiff at the electronic mail addresses shown.

**Counsel for Plaintiff, the United States of America:**

Maria E. Ruwe
Joshua D. Zimberg
Trial Attorneys, Tax Litigation Branch
Civil Division, U.S. Department of Justice
P.O. Box 227, Ben Franklin Station
Washington, D.C. 20044
Maria.E.Ruwe@usdoj.gov
Joshua.D.Zimberg@usdoj.gov

Gerard Mene
Assistant United States Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
Gerard.Mene@usdoj.gov

**Individual Co-Defendants:**

George Cholakis
22753 Zulla Chase Place
Ashburn, Virginia 20148

Maria Cholakis
12519 Oak Hunt Road
Herndon, Virginia 20171

**Entity Defendants, at their last known addresses:**

Fayito LLC
1141 Elden Street, Suite 224
Herndon, Virginia 20170

Diner DX Inc.
1141 Elden Street, Suite 224

Herndon, Virginia 20170

Amphora Bakery Inc.
1141 Elden Street, Suite 224
Herndon, Virginia 20170

B&C Baileys Family LLC
1141 Elden Street
Herndon, Virginia 20170

B&C Family LLC
1141 Elden Street, Suite 224
Herndon, Virginia 20170

Laconia LLC
1141 Elden Street, Suite 224
Herndon, Virginia 20170

To the extent any Defendant is in default for failing to appear, service upon that Defendant is not required by Federal Rule of Civil Procedure 5(a)(2); service has nevertheless been made out of an abundance of caution. Electronic mail is transmitted as a courtesy only and is not relied upon as service, absent written consent under Federal Rule of Civil Procedure 5(b)(2)(E).

Dated: 9-4-26, 2026

STEVEN BILIDAS

**CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 83.1(N) (GHOSTWRITING)**

I declare under penalty of perjury that:

(1) No attorney has prepared, or assisted in the preparation of, this document.

STEVEN BILIDAS
Name of Pro Se Party (Print or Type)

[signature]
Signature of Pro Se Party

Executed on: 9-4-26 (Date)