FILED
09/04/2026
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

UNITED STATES OF AMERICA,

Plaintiff,

v.

GEORGE CHOLAKIS, STEVEN BILIDAS, FAYITO LLC, DINER DX INC., AMPHORA BAKERY INC., B&C BAILEYS FAMILY LLC, B&C FAMILY LLC, LACONIA LLC, and MARIA CHOLAKIS,

Defendants.

Civil Action No.
1:26-cv-01935-PTG-WEF

**ANSWER OF DEFENDANT MARIA CHOLAKIS, PRO SE, TO PLAINTIFF'S COMPLAINT**

Defendant Maria Cholakis, appearing pro se and on her own behalf only, and expressly not on behalf of any other individual defendant and not on behalf of any corporate, limited liability, or other artificial entity named as a defendant in this action, answers the Complaint of the United States of America as follows.

## PRELIMINARY STATEMENT

A. The Complaint seeks no money judgment of any kind against Defendant Maria Cholakis. She is named in only two of the Complaint's thirteen counts — Count XI, which seeks an injunction concerning Fayito LLC, and Count XII, which seeks an injunction concerning Diner DX Inc. She is not named in Counts I through X or in Count XIII.

B. Defendant does not currently hold any ownership interest in, and holds no office with, Fayito LLC or Diner DX Inc. — the only two entities as to which any relief is sought against her. Defendant held interests in those entities when the Complaint was filed on July 1,

2026, and has since divested them in full. She has no authority to direct the tax compliance or the disbursement of funds of either entity.

C. Defendant is not named in Count XIII, which seeks an injunction concerning Amphora Bakery Inc. The Complaint does not allege that she is an owner or officer of that entity: paragraph 4 identifies four entities in which she is alleged to be a co-owner and Amphora Bakery Inc. is not among them, paragraph 142 identifies its corporate officers as George Cholakis and Steven Bilidas only, and the findings and reporting obligation requested in Count XIII name only those two.

D. The unnumbered introductory paragraph of the Complaint is inconsistent with Count XIII in this respect. That paragraph asks the Court to compel "Defendants Fayito LLC, Diner DX Inc., and Amphora Bakery Inc., and their Owners and/or corporate officers Defendants George Cholakis, Steven Bilidas, and Maria Cholakis" to withhold, collect, and pay over accruing federal tax liabilities. To the extent that sentence is read to seek prospective relief against Defendant Maria Cholakis with respect to Amphora Bakery Inc., it is DENIED. Defendant holds no interest in and no office with that entity and has no authority over its funds, payroll, filings, or deposits.

E. Defendant does not dispute that she held ownership interests in Fayito LLC and Diner DX Inc. when this action was commenced; this Answer admits it. She has since divested those interests in full and presently holds no ownership interest in, office with, signatory authority over, or authority to direct the tax compliance of either entity. Defendant separately denies the allegation at paragraph 131 that she is a corporate officer of Diner DX Inc.; she was not a corporate officer of that entity at the time this action was commenced and is not one now. Because relief under 26 U.S.C. § 7402(a) is prospective, her changed circumstances bear directly

on whether an injunction against Defendant is necessary or appropriate, and on whether there is any reasonable likelihood that she will engage in the conduct alleged in Counts XI or XII.

F. Defendant remains a member of B&C Family LLC and Laconia LLC. No injunctive relief is sought as to either of those entities, and no relief of any kind is sought against Defendant in connection with them. The liabilities alleged against B&C Family LLC and Laconia LLC in Counts IX and X consist solely of penalties relating to Form 1065 partnership information returns. Neither entity is alleged to have had employees, to have withheld any employment tax, or to have pyramided any employment tax liability.

G. The Complaint pleads no act or omission by Defendant Maria Cholakis. Unlike its detailed allegations concerning Defendants George Cholakis (paragraphs 50 through 54) and Steven Bilidas (paragraphs 65 through 69) — which recite bank signature cards, check signing, payroll authorization, hiring authority, and the determination of financial policy — the Complaint alleges nothing whatsoever that Defendant Maria Cholakis personally did or failed to do. Every allegation against her rests either on her bare status as an alleged owner or on allegations attributed collectively to multiple defendants without identifying any individualized act or omission by her. Defendant expressly preserves the defense that the Complaint thereby fails to state a claim against her. See Fed. R. Civ. P. 12(h)(2).

H. This Answer is filed by Defendant individually. Nothing in it is intended as, or shall be construed as, an appearance on behalf of any entity defendant. Defendant understands that an artificial entity may appear in this Court only through licensed counsel. Rowland v. California Men's Colony, 506 U.S. 194 (1993).

I. The Complaint contains two separate series of paragraphs numbered 1 and 2. The first series appears under the heading "Jurisdiction and Venue" and the second under the heading

"Parties." For clarity, this Answer refers to them as "Jurisdiction ¶ 1," "Jurisdiction ¶ 2," and "Parties ¶ 1" through "Parties ¶ 10."

J. Except as expressly and specifically admitted below, every allegation of the Complaint is denied. The unnumbered introductory paragraph preceding the heading "Jurisdiction and Venue" states legal conclusions to which no response is required; to the extent a response is required, Defendant denies that any relief against her is warranted.

## JURISDICTION AND VENUE

**Jurisdiction ¶ 1.** Defendant does not presently contest this Court's subject matter jurisdiction over this action. Defendant denies any characterization of the cited statutes inconsistent with their terms.

**Jurisdiction ¶ 2.** Admitted that Defendant Maria Cholakis resides within the Eastern District of Virginia. Defendant does not presently contest venue in this district. Defendant denies any characterization of the cited venue statutes inconsistent with their terms. Defendant denies the characterization that "a substantial portion of the events giving rise to this action" occurred as alleged insofar as that phrase assumes wrongful conduct by her, and denies any such conduct.

## PARTIES

**Parties ¶ 1.** Admitted.

**Parties ¶ 2.** Admitted that George Cholakis is Defendant's brother. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning his residence and the nature, extent, and duration of his ownership interests, and on that basis denies them.

**Parties ¶ 3.** Admitted that Steven Bilidas is Defendant's cousin. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning

his residence and the nature, extent, and duration of his ownership interests, and on that basis denies them.

**Parties ¶ 4.** Admitted that Defendant Maria Cholakis resides at 12519 Oak Hunt Road, Herndon, Virginia 20171, in Fairfax County, Virginia, which is within this judicial district, and that she is the sister of Defendant George Cholakis. Admitted that Defendant is a member of B&C Family LLC and of Laconia LLC. Admitted that, as of the filing of the Complaint on July 1, 2026, Defendant held an ownership interest in Diner DX Inc. and in Fayito LLC. Defendant states affirmatively that she has since divested those interests in full, and that as of the date of this Answer she holds no ownership interest in, no office with, and no authority over either Diner DX Inc. or Fayito LLC. Except as expressly admitted, denied.

**Parties ¶ 5.** Admitted that Fayito LLC is or has been a catering company with a business address at 1141 Elden Street, Suite 224, Herndon, Virginia 20170, in Fairfax County, Virginia. Except as expressly admitted, denied. Defendant does not answer on behalf of Fayito LLC, and states that she holds no interest in and no office with that entity.

**Parties ¶ 6.** Admitted that Diner DX Inc. is or has been a diner with a business address at 1141 Elden Street, Suite 224, Herndon, Virginia 20170, in Fairfax County, Virginia. Except as expressly admitted, denied. Defendant does not answer on behalf of Diner DX Inc., and states that she holds no interest in and no office with that entity.

**Parties ¶ 7.** Admitted that Amphora Bakery Inc. is or has been a bakery with a business address at 1141 Elden Street, Suite 224, Herndon, Virginia 20170, in Fairfax County, Virginia. Except as expressly admitted, denied. Defendant does not answer on behalf of Amphora Bakery Inc. Defendant states that she holds no ownership interest in and no office with

Amphora Bakery Inc. Defendant notes that the Complaint does not allege that she is an owner or officer of Amphora Bakery Inc.

**Parties ¶ 8.** Admitted that B&C Baileys Family LLC has maintained a business address on Elden Street in Herndon, Virginia, in Fairfax County. Except as expressly admitted, denied. Defendant does not answer on behalf of B&C Baileys Family LLC and states that she holds no interest in that entity.

**Parties ¶ 9.** Admitted that B&C Family LLC has maintained a business address on Elden Street in Herndon, Virginia, in Fairfax County, and that Defendant is a member of B&C Family LLC. Except as expressly admitted, denied. Defendant does not answer on behalf of B&C Family LLC, which may appear in this action only through licensed counsel.

**Parties ¶ 10.** Admitted that Laconia LLC has maintained a business address on Elden Street in Herndon, Virginia, in Fairfax County, and that Defendant is a member of Laconia LLC. Except as expressly admitted, denied. Defendant does not answer on behalf of Laconia LLC, which may appear in this action only through licensed counsel.

## BACKGROUND

**11.** DENIED as to Defendant. Defendant specifically denies that she is indebted to the United States in any amount, and notes that the Complaint seeks no money judgment against her. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the aggregate figure alleged and, on that basis, denies it.

**12.** Admitted that the individual defendants are related to one another. DENIED as to Defendant in all other respects. As of the date of this Answer, Defendant is not an owner or corporate officer of Fayito LLC, Diner DX Inc., or Amphora Bakery Inc., and she denies that she

personally engaged in the conduct alleged in this paragraph. The paragraph is otherwise vague, undifferentiated as to person, entity, and time, and states legal conclusions; it is therefore denied.

**13.** DENIED. Defendant specifically denies that the business defendants "function as an integrated enterprise rather than as independent businesses." This paragraph states a legal conclusion, and Defendant denies any allegation or implication of alter ego, single-employer, or successor liability.

**14.** The first clause characterizes the relief the United States seeks and requires no response. The remaining allegations are DENIED as to Defendant. Defendant has not pyramided any employment tax liability and presently has no authority to direct the tax compliance of Fayito LLC, Diner DX Inc., or Amphora Bakery Inc.

**15.** Subparagraphs (a), (b), and (c) purport to characterize the Internal Revenue Code and Treasury Regulations, which speak for themselves. Defendant denies any characterization of those authorities inconsistent with their terms. Defendant lacks knowledge or information sufficient to form a belief as to the employment histories of Fayito LLC, Diner DX Inc., and Amphora Bakery Inc. during the periods alleged and, on that basis, denies the remaining allegations. Defendant specifically denies that she personally bore any of the duties described.

**16.** The allegations of this paragraph are directed to Defendant Fayito LLC, an artificial entity that may appear in this action only through licensed counsel. Defendant Maria Cholakis does not answer on behalf of Fayito LLC. To the extent a response is required of her individually, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them. Defendant specifically denies any allegation or implication that she personally failed to comply with any obligation imposed upon her by law,

and denies that she exercised control over, or directed, the tax filings, payroll tax deposits, or payment decisions of Fayito LLC during the periods alleged.

**17.** The allegations of this paragraph are directed to Defendant Fayito LLC, an artificial entity that may appear in this action only through licensed counsel. Defendant Maria Cholakis does not answer on behalf of Fayito LLC. To the extent a response is required of her individually, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them. Defendant specifically denies any allegation or implication that she personally failed to comply with any obligation imposed upon her by law, and denies that she exercised control over, or directed, the tax filings, payroll tax deposits, or payment decisions of Fayito LLC during the periods alleged.

**18.** The allegations of this paragraph are directed to Defendant Fayito LLC, an artificial entity that may appear in this action only through licensed counsel. Defendant Maria Cholakis does not answer on behalf of Fayito LLC. To the extent a response is required of her individually, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them. Defendant specifically denies any allegation or implication that she personally failed to comply with any obligation imposed upon her by law, and denies that she exercised control over, or directed, the tax filings, payroll tax deposits, or payment decisions of Fayito LLC during the periods alleged.

**19.** The allegations of this paragraph are directed to Defendant Fayito LLC, an artificial entity that may appear in this action only through licensed counsel. Defendant Maria Cholakis does not answer on behalf of Fayito LLC. To the extent a response is required of her individually, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them. Defendant specifically denies any allegation or

implication that she personally failed to comply with any obligation imposed upon her by law, and denies that she exercised control over, or directed, the tax filings, payroll tax deposits, or payment decisions of Fayito LLC during the periods alleged.

**20.** The allegations of this paragraph are directed to Defendant Fayito LLC, an artificial entity that may appear in this action only through licensed counsel. Defendant Maria Cholakis does not answer on behalf of Fayito LLC. To the extent a response is required of her individually, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them. Defendant specifically denies any allegation or implication that she personally failed to comply with any obligation imposed upon her by law, and denies that she exercised control over, or directed, the tax filings, payroll tax deposits, or payment decisions of Fayito LLC during the periods alleged.

**21.** The allegations of this paragraph are directed to Defendant Fayito LLC, an artificial entity that may appear in this action only through licensed counsel. Defendant Maria Cholakis does not answer on behalf of Fayito LLC. To the extent a response is required of her individually, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them. Defendant specifically denies any allegation or implication that she personally failed to comply with any obligation imposed upon her by law, and denies that she exercised control over, or directed, the tax filings, payroll tax deposits, or payment decisions of Fayito LLC during the periods alleged.

**22.** The allegations of this paragraph are directed to Defendant Diner DX Inc., an artificial entity that may appear in this action only through licensed counsel. Defendant Maria Cholakis does not answer on behalf of Diner DX Inc. To the extent a response is required of her individually, Defendant lacks knowledge or information sufficient to form a belief as to the truth

of the allegations and, on that basis, denies them. Defendant specifically denies any allegation or implication that she personally failed to comply with any obligation imposed upon her by law, and denies that she exercised control over, or directed, the tax filings, payroll tax deposits, or payment decisions of Diner DX Inc during the periods alleged.

**23.** The allegations of this paragraph are directed to Defendant Diner DX Inc., an artificial entity that may appear in this action only through licensed counsel. Defendant Maria Cholakis does not answer on behalf of Diner DX Inc. To the extent a response is required of her individually, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them. Defendant specifically denies any allegation or implication that she personally failed to comply with any obligation imposed upon her by law, and denies that she exercised control over, or directed, the tax filings, payroll tax deposits, or payment decisions of Diner DX Inc during the periods alleged.

**24.** The allegations of this paragraph are directed to Defendant Diner DX Inc., an artificial entity that may appear in this action only through licensed counsel. Defendant Maria Cholakis does not answer on behalf of Diner DX Inc. To the extent a response is required of her individually, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them. Defendant specifically denies any allegation or implication that she personally failed to comply with any obligation imposed upon her by law, and denies that she exercised control over, or directed, the tax filings, payroll tax deposits, or payment decisions of Diner DX Inc during the periods alleged.

**25.** The allegations of this paragraph are directed to Defendant Diner DX Inc., an artificial entity that may appear in this action only through licensed counsel. Defendant Maria Cholakis does not answer on behalf of Diner DX Inc. To the extent a response is required of her

individually, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them. Defendant specifically denies any allegation or implication that she personally failed to comply with any obligation imposed upon her by law, and denies that she exercised control over, or directed, the tax filings, payroll tax deposits, or payment decisions of Diner DX Inc during the periods alleged.

**26.** The allegations of this paragraph are directed to Defendant Diner DX Inc., an artificial entity that may appear in this action only through licensed counsel. Defendant Maria Cholakis does not answer on behalf of Diner DX Inc. To the extent a response is required of her individually, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them. Defendant specifically denies any allegation or implication that she personally failed to comply with any obligation imposed upon her by law, and denies that she exercised control over, or directed, the tax filings, payroll tax deposits, or payment decisions of Diner DX Inc during the periods alleged.

**27.** The allegations of this paragraph are directed to Defendant Diner DX Inc., an artificial entity that may appear in this action only through licensed counsel. Defendant Maria Cholakis does not answer on behalf of Diner DX Inc. To the extent a response is required of her individually, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them. Defendant specifically denies any allegation or implication that she personally failed to comply with any obligation imposed upon her by law, and denies that she exercised control over, or directed, the tax filings, payroll tax deposits, or payment decisions of Diner DX Inc during the periods alleged.

**28.** The allegations of this paragraph are directed to Defendant Amphora Bakery Inc., an artificial entity that may appear in this action only through licensed counsel. Defendant Maria

Cholakis does not answer on behalf of Amphora Bakery Inc. To the extent a response is required of her individually, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them. Defendant specifically denies any allegation or implication that she personally failed to comply with any obligation imposed upon her by law, and denies that she exercised control over, or directed, the tax filings, payroll tax deposits, or payment decisions of Amphora Bakery Inc during the periods alleged.

**29.** The allegations of this paragraph are directed to Defendant Amphora Bakery Inc., an artificial entity that may appear in this action only through licensed counsel. Defendant Maria Cholakis does not answer on behalf of Amphora Bakery Inc. To the extent a response is required of her individually, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them. Defendant specifically denies any allegation or implication that she personally failed to comply with any obligation imposed upon her by law, and denies that she exercised control over, or directed, the tax filings, payroll tax deposits, or payment decisions of Amphora Bakery Inc during the periods alleged.

**30.** The allegations of this paragraph are directed to Defendant Amphora Bakery Inc., an artificial entity that may appear in this action only through licensed counsel. Defendant Maria Cholakis does not answer on behalf of Amphora Bakery Inc. To the extent a response is required of her individually, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them. Defendant specifically denies any allegation or implication that she personally failed to comply with any obligation imposed upon her by law, and denies that she exercised control over, or directed, the tax filings, payroll tax deposits, or payment decisions of Amphora Bakery Inc during the periods alleged.

**31.** The allegations of this paragraph are directed to Defendant Amphora Bakery Inc., an artificial entity that may appear in this action only through licensed counsel. Defendant Maria Cholakis does not answer on behalf of Amphora Bakery Inc. To the extent a response is required of her individually, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them. Defendant specifically denies any allegation or implication that she personally failed to comply with any obligation imposed upon her by law, and denies that she exercised control over, or directed, the tax filings, payroll tax deposits, or payment decisions of Amphora Bakery Inc during the periods alleged.

**32.** The allegations of this paragraph are directed to Defendant Amphora Bakery Inc., an artificial entity that may appear in this action only through licensed counsel. Defendant Maria Cholakis does not answer on behalf of Amphora Bakery Inc. To the extent a response is required of her individually, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them. Defendant specifically denies any allegation or implication that she personally failed to comply with any obligation imposed upon her by law, and denies that she exercised control over, or directed, the tax filings, payroll tax deposits, or payment decisions of Amphora Bakery Inc during the periods alleged.

**33.** The allegations of this paragraph are directed to Defendant Amphora Bakery Inc., an artificial entity that may appear in this action only through licensed counsel. Defendant Maria Cholakis does not answer on behalf of Amphora Bakery Inc. To the extent a response is required of her individually, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them. Defendant specifically denies any allegation or implication that she personally failed to comply with any obligation imposed upon

her by law, and denies that she exercised control over, or directed, the tax filings, payroll tax deposits, or payment decisions of Amphora Bakery Inc during the periods alleged.

**34.** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Notices of Federal Tax Lien, penalty assessments against George Cholakis and Steven Bilidas, and the delivery of IRS Letter 903, and on that basis denies them. Defendant notes that subparagraph (b) alleges penalty assessments against George Cholakis and Steven Bilidas only, and that subparagraph (c) alleges the presence of George Cholakis and Steven Bilidas only. No assessment of any kind is alleged against Defendant Maria Cholakis.

**35.** DENIED as to Defendant. Defendant presently lacks ownership, office, signatory authority, or management authority over Fayito LLC or Diner DX Inc., and therefore lacks the present authority to direct their tax compliance. Defendant denies that injunctive relief against her is necessary or appropriate. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, on that basis, denies them.

## COUNTS I THROUGH X — CLAIMS AGAINST OTHER DEFENDANTS

**36–118.** The allegations of Counts I through X (paragraphs 36 through 118) are directed to Defendants George Cholakis, Steven Bilidas, Fayito LLC, Diner DX Inc., Amphora Bakery Inc., B&C Baileys Family LLC, B&C Family LLC, and Laconia LLC. No relief of any kind is sought against Defendant Maria Cholakis in any of those counts, and no response is required of her. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the assessment dates, dollar amounts, notice and demand, bankruptcy filing and dismissal dates, and collection-statute computations alleged, and on that basis denies them. Defendant specifically denies any allegation or implication that she is

personally liable for any tax, penalty, or interest of any entity defendant, and denies that the United States is entitled to any relief against her on Counts I through X.

**COUNT XI — INJUNCTION UNDER 26 U.S.C. § 7402(a)**
**(FAYITO LLC, GEORGE CHOLAKIS, STEVEN BILIDAS, MARIA CHOLAKIS)**

**119.** Defendant repeats and incorporates her responses to the preceding paragraphs as though fully set forth herein.

**120.** Admitted that, as of the filing of the Complaint, Defendant Maria Cholakis held an ownership interest in Fayito LLC. DENIED that she is presently an owner of Fayito LLC. Defendant states affirmatively that she has divested that interest and that, as of the date of this Answer, she holds no ownership interest in, no office with, no signatory authority over, and no authority to direct the tax compliance or the disbursement of funds of Fayito LLC. Defendant lacks knowledge or information sufficient to form a belief as to the present ownership of Fayito LLC and, on that basis, denies the remaining allegations.

**121.** This paragraph characterizes the relief the United States seeks and quotes 26 U.S.C. § 7402(a). The statute speaks for itself. To the extent a response is required, Defendant denies that injunctive relief against her is authorized, necessary, or appropriate.

**122.** DENIED. Defendant presently holds no interest in, office with, signatory authority over, or control of Fayito LLC, and she denies that an order requiring her to perform Fayito LLC's tax obligations would be necessary, appropriate, or effective as applied to her.

**123.** DENIED, including subparagraphs (a) and (b). Defendant holds no interest in and no office with Fayito LLC, has no authority over its funds, payroll, tax filings, or deposits, and has no ability to cause it to collect, pay over, or deposit any tax. Defendant further states that this paragraph attributes the alleged conduct collectively to multiple defendants without identifying any individualized act or omission by Defendant Maria Cholakis.

**124.** DENIED as to Defendant. Defendant does not "continue to flout the federal tax laws" and does not accrue any liability of Fayito LLC.

**125.** DENIED. The United States possesses ample legal remedies against Fayito LLC, including the federal tax lien under 26 U.S.C. § 6321, administrative levy under 26 U.S.C. § 6331, the failure-to-deposit penalty under 26 U.S.C. § 6656, and the money judgment it seeks against that entity in Count V of this action. No remedy against Defendant Maria Cholakis is necessary to prevent pyramiding by Fayito LLC.

**126.** DENIED, including subparagraphs (a), (b), and (c). Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the Internal Revenue Service's internal resource allocation and, on that basis, denies them. Defendant specifically denies that any harm to the United States is attributable to her.

**127.** DENIED. Subparagraph (B)(6), by its terms, would prohibit Defendant from "assigning any property or making any disbursements" and does not, on its face, expressly limit that restriction to specified business property, business accounts, or particular employment tax obligations. Subparagraph (B)(7) would impose an affirmative five-year obligation to report to the Internal Revenue Service any business she may come to own, manage, or work in. Defendant denies that either restriction is necessary, appropriate, sufficiently specific, or narrowly tailored, denies that either is warranted under 26 U.S.C. § 7402(a) or Federal Rule of Civil Procedure 65(d), and states that the United States would gain nothing from relief against a person who cannot affect the compliance of Fayito LLC.

**128.** DENIED as to Defendant.

**129.** DENIED. Defendant has no ability to pyramid employment taxes of Fayito LLC and therefore cannot obstruct or interfere with the enforcement of the internal revenue laws in the manner alleged.

**WHEREFORE (Count XI).** Defendant denies that the United States is entitled to the findings requested in subparagraph (A), to the injunction requested in subparagraph (B) and each of its numbered subparts 1 through 7, or to any relief whatsoever against her on Count XI.

**COUNT XII — INJUNCTION UNDER 26 U.S.C. § 7402(a)**
**(DINER DX INC., GEORGE CHOLAKIS, STEVEN BILIDAS, MARIA CHOLAKIS)**

**130.** Defendant repeats and incorporates her responses to the preceding paragraphs as though fully set forth herein.

**131.** Admitted that, as of the filing of the Complaint, Defendant Maria Cholakis held an ownership interest in Diner DX Inc. DENIED that Defendant is a corporate officer of Diner DX Inc. Defendant was not a corporate officer of Diner DX Inc. at the time this action was commenced and is not one now. Defendant states affirmatively that she has since divested her ownership interest in full and that, as of the date of this Answer, she holds no ownership interest in, no office with, no signatory authority over, and no authority to direct the tax compliance or the disbursement of funds of Diner DX Inc. Defendant lacks knowledge or information sufficient to form a belief as to the present officers of Diner DX Inc. and, on that basis, denies the remaining allegations.

**132.** This paragraph characterizes the relief the United States seeks and quotes 26 U.S.C. § 7402(a). The statute speaks for itself. To the extent a response is required, Defendant denies that injunctive relief against her is authorized, necessary, or appropriate.

**133.** DENIED. Defendant presently holds no interest in, office with, signatory authority over, or control of Diner DX Inc., and she denies that an order requiring her to perform Diner DX Inc.'s tax obligations would be necessary, appropriate, or effective as applied to her.

**134.** DENIED, including subparagraphs (a) and (b), for the reasons stated in the response to paragraph 123.

**135.** DENIED as to Defendant.

**136.** DENIED, for the reasons stated in the response to paragraph 125.

**137.** DENIED, including subparagraphs (a), (b), and (c).

**138.** DENIED, for the reasons stated in the response to paragraph 127.

**139.** DENIED as to Defendant.

**140.** DENIED.

**WHEREFORE (Count XII).** Defendant denies that the United States is entitled to the findings requested in subparagraph (A), to the injunction requested in subparagraph (B) and each of its numbered subparts 1 through 7, or to any relief whatsoever against her on Count XII.

## COUNT XIII — INJUNCTION UNDER 26 U.S.C. § 7402(a)
## (AMPHORA BAKERY INC., GEORGE CHOLAKIS, STEVEN BILIDAS)

**141–152.** Count XIII does not name Defendant Maria Cholakis and seeks no relief against her. No response is required. To the extent a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 141 through 152 and, on that basis, denies them, and denies that the United States is entitled to any relief against her under Count XIII.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

Without assuming any burden of proof, persuasion, or production that she does not otherwise bear as a matter of law, and reserving the right to amend upon further investigation and discovery, Defendant Maria Cholakis asserts the following defenses.

**FIRST DEFENSE — Failure to State a Claim (preserved under Fed. R. Civ. P. 12(h)(2))**

Counts XI and XII fail to allege facts sufficient to state a plausible claim for injunctive relief against Defendant Maria Cholakis individually. The Complaint alleges no individualized act or omission by her comparable to the conduct specifically attributed to other defendants at paragraphs 50 through 54 and 65 through 69, and relies instead on ownership allegations and on allegations attributed collectively to multiple defendants.

**SECOND DEFENSE — Ownership Allegations Alone Are Insufficient to Establish Entitlement to Injunctive Relief**

Bare ownership, without factual allegations showing Defendant's personal participation, her control over the entities' tax compliance, or a likelihood of future prohibited conduct by her, is insufficient to establish that injunctive relief against Defendant is necessary or appropriate under 26 U.S.C. § 7402(a).

**THIRD DEFENSE — No Present Interest in or Control Over Fayito LLC or Diner DX Inc.**

Defendant holds no ownership interest in, no office with, no signatory authority over, and no authority to direct the tax compliance or the disbursement of funds of Fayito LLC or Diner DX Inc. She held interests in those entities when this action was commenced and has since divested them in full. She has no authority over the funds, payroll, tax filings, or deposits of either entity and no lawful means of causing either entity to comply with any obligation the requested injunction would impose.

**FOURTH DEFENSE — No Present Interest in or Control Over Amphora Bakery Inc.**

Defendant presently holds no ownership interest in or office with Amphora Bakery Inc. and has no authority over its funds, payroll, tax filings, or deposits. The Complaint pleads no contrary fact: paragraph 4 does not identify Defendant as an owner of Amphora Bakery Inc., paragraph 142 identifies its corporate officers as George Cholakis and Steven Bilidas, and Count XIII does not name Defendant. To the extent the unnumbered introductory paragraph of the Complaint may be read to seek prospective relief against Defendant with respect to Amphora Bakery Inc., it states no claim against her.

**FIFTH DEFENSE — Changed Circumstances Undermine the Need for Prospective Relief**

Defendant no longer holds any ownership interest in, office with, or signatory authority over Fayito LLC or Diner DX Inc., and presently has no authority to direct either entity's tax filings, payroll deposits, or payment decisions. Those changed circumstances materially undermine any contention that injunctive relief against Defendant is necessary or appropriate under 26 U.S.C. § 7402(a), or that there is a reasonable likelihood of future violations by her.

**SIXTH DEFENSE — Entity-Specific Mandatory Relief Would Be Ineffective**

To the extent the requested injunction would require Defendant personally to make tax deposits, file returns, furnish proof of deposits, or otherwise perform acts on behalf of Fayito LLC or Diner DX Inc., Defendant presently lacks the authority to perform those acts. Defendant denies that such mandatory relief against her would be effective, necessary, or appropriate, and states that Federal Rule of Civil Procedure 65(d) requires that any injunction state its terms specifically and describe in reasonable detail the acts restrained or required.

**SEVENTH DEFENSE — No Reasonable Likelihood of Future Violation**

Based on Defendant's present lack of ownership, office, signatory authority, financial control, or management authority over Fayito LLC and Diner DX Inc., and the absence of individualized allegations of prior misconduct by her, there is no reasonable basis to conclude that Defendant is likely to engage in the conduct alleged in the future. Her continuing membership in B&C Family LLC and Laconia LLC supplies no such basis: neither entity is the subject of any injunction count, neither is alleged to have had employees, and neither is alleged to have withheld or failed to pay over any employment tax.

**EIGHTH DEFENSE — Injunctive Relief Is Neither Necessary Nor Appropriate**

The requested injunction is not "necessary or appropriate for the enforcement of the internal revenue laws" within the meaning of 26 U.S.C. § 7402(a) as applied to Defendant. To the extent traditional equitable principles additionally apply, the United States cannot establish irreparable injury, the inadequacy of available legal remedies against the parties actually alleged to control the entities, or that the public interest warrants the restrictions sought.

**NINTH DEFENSE — Overbreadth**

To the extent the relief requested in subparagraphs (B)(6) and (B)(7) of Counts XI and XII reaches conduct or property unrelated to the identified employment tax obligations, or imposes restrictions broader than necessary to address any proven violation, it is not necessary or appropriate under 26 U.S.C. § 7402(a) and is not narrowly tailored, and any injunction entered must satisfy Federal Rule of Civil Procedure 65(d).

**RESERVATION — Amendment**

Defendant reserves the right to seek leave to amend this Answer as permitted by Federal Rule of Civil Procedure 15.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Maria Cholakis respectfully requests that this Court:

A. Dismiss Counts XI and XII as against Defendant Maria Cholakis to the extent dismissal is appropriate;

B. Alternatively, enter judgment in her favor and deny in its entirety the injunctive relief requested against her in Counts XI and XII, including each of subparts 1 through 7 of subparagraph (B) of each Count;

C. Award her such recoverable costs, and such fees if any as may be available under applicable law; and

D. Grant such other and further relief as the Court deems just and proper.

Dated: 9/4/ , 2026

Respectfully submitted,

**MARIA CHOLAKIS**
12519 Oak Hunt Road
Herndon, Virginia 20171
Telephone: (703) 887-2290
Email: MCHOLAKIS01@GMAIL.COM
*Defendant, Pro Se*

## CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below I caused a true and correct copy of the foregoing to be served, pursuant to Federal Rule of Civil Procedure 5(a)(1)(B), upon each of the parties listed below, by first-class United States mail, postage prepaid, at the addresses shown. As to any party represented by an attorney who has entered an appearance in this action, service was made

upon that attorney pursuant to Federal Rule of Civil Procedure 5(b)(1). A courtesy copy was also transmitted by electronic mail to counsel for the Plaintiff at the electronic mail addresses shown.

**Counsel for Plaintiff, the United States of America:**

Maria E. Ruwe
Joshua D. Zimberg
Trial Attorneys, Tax Litigation Branch
Civil Division, U.S. Department of Justice
P.O. Box 227, Ben Franklin Station
Washington, D.C. 20044
Maria.E.Ruwe@usdoj.gov
Joshua.D.Zimberg@usdoj.gov

Gerard Mene
Assistant United States Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
Gerard.Mene@usdoj.gov

**Individual Co-Defendants:**

George Cholakis
22753 Zulla Chase Place
Ashburn, Virginia 20148

Steven Bilidas
1151 Elden Street
Herndon, Virginia 20170

**Entity Defendants, at their last known addresses:**

Fayito LLC
1141 Elden Street, Suite 224
Herndon, Virginia 20170

Diner DX Inc.
1141 Elden Street, Suite 224
Herndon, Virginia 20170

Amphora Bakery Inc.
1141 Elden Street, Suite 224
Herndon, Virginia 20170

B&C Baileys Family LLC
1141 Elden Street
Herndon, Virginia 20170

B&C Family LLC
1141 Elden Street, Suite 224
Herndon, Virginia 20170

Laconia LLC
1141 Elden Street, Suite 224
Herndon, Virginia 20170

To the extent any Defendant is in default for failing to appear, service upon that Defendant is not required by Federal Rule of Civil Procedure 5(a)(2); service has nevertheless been made out of an abundance of caution. Electronic mail is transmitted as a courtesy only and is not relied upon as service, absent written consent under Federal Rule of Civil Procedure 5(b)(2)(E).

Dated: 9/4, 2026

MARIA CHOLAKIS

**CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 83.1(N) (GHOSTWRITING)**

I declare under penalty of perjury that:

(1) No attorney has prepared, or assisted in the preparation of, this document.

MARIA CHOLAKIS
Name of Pro Se Party (Print or Type)

______________________________
Signature of Pro Se Party

Executed on: 9/4/26 (Date)